■ HECTOR GONZALEZ, Respondent, v STERN'S DEPARTMENT STORES, INC., Appellant and Third-Party Plaintiff-Appellant-Respondent. THORO RESTORATION CORP., Third-Party Defendant-Respondent-Appellant. [622 NYS2d 2] —Order, Supreme Court, Bronx County (Anita Florio, J.), entered May 26, 1993, which, *inter alia,* denied defendant's cross motion for summary judgment dismissing those causes of action alleging liability under Labor Law §§ 200 and 241, and denied the motion by third-party defendant Thoro Restoration Corp. to dismiss the third-party complaint, unanimously modified, on the law, and the motion and cross motion to dismiss are granted only to the extent of dismissing plaintiff's claim under Labor Law § 241, and otherwise affirmed, without costs.

Labor Law § 200 codifies the common-law duty of an owner or employer to furnish employees with a safe place to work *(Jock v Fien,* 80 NY2d 965, 967). An owner or employer is chargeable with such responsibility only when that party possessed the concomitant authority over, and control of, the activity which produced the injury so as to have enabled it to take the action necessary to correct or avoid an unsafe condition *(see, Leon v Peppe Realty Corp.,* 190 AD2d 400, 410).

Plaintiff alleges that he was denied access to the roof of the building, his work site, through an interior stairwell and was, therefore compelled to reach the roof via a forty foot unsecured extended ladder so that he could perform the necessary repair work.

While it is true that the intervening criminal act of a third

party may constitute an unforeseeable superseding event that relieves an owner or employer of liability *(see, e.g., Tarter v Schildkraut,* 151 AD2d 414, *lv denied* 74 NY2d 616), it cannot be found as a matter of law that defendant's negligence could not have contributed to some extent to plaintiff's injury. Certainly, a factfinder could conclude that, under the circumstances herein, defendant should have undertaken reasonable safety measures that would have prevented plaintiff's injuries *(see, supra,* at 415, citing *Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 520, n 8). Consequently, unresolved questions of fact exist so as to warrant denial of summary judgment as to section 200 liability.

Section 241 (6) of the Labor Law has been construed as requiring the claimant to establish that a violation of a safety regulation was the proximate cause of the accident *(Ares v State of New York,* 80 NY2d 959, 960). Since plaintiff does not allege the violation of any specific rule or regulation promulgated under the Labor Law, his claim pursuant to section 241 of the Labor Law should have been dismissed.

Finally, the third-party defendant contends that New Jersey law is applicable. However, since all of the parties to this litigation are New York residents and the contract was entered into in New York *(see, Zangiacomi v Hood,* 193 AD2d 188, 192-193, distinguishing *Calla v Shulsky,* 148 AD2d 60), and the dispute between defendant and third-party plaintiff and third-party defendant, the only participant in this litigation seeking to invoke New Jersey law, clearly involves the allocation of loss, if any is ultimately found, between them, the Supreme Court appropriately deemed New York law to be applicable *(Aviles v Port Auth.,* 202 AD2d 45). Concur—Ellerin, J. P., Rubin, Nardelli and Williams, JJ.