■ VITTORIO PARRELLI et al., Appellants, v CITY OF NEW YORK, Respondent. [716 NYS2d 308] —Order, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered January 19, 2000, which, to the extent appealed from, granted defendant's motion for summary judgment dismissing plaintiffs' claims alleging violations of Labor Law § 241 (6) and § 200 and common law negligence, unanimously reversed, on the law, without costs, the motion denied and the Labor Law § 241 (6) and § 200 claims reinstated.

Plaintiffs' Labor Law § 241 (6) claim is predicated on a violation of 12 NYCRR 23-9.4 (e). The regulation sets forth sufficiently specific requirements governing the movement of materials with a backhoe (in this case a concrete median barrier) to constitute a standard for the imposition of statutory liability (*see, Brechue v Town of Wheatfield*, 241 AD2d 935, *lv denied* 94 NY2d 759). Whether the alleged violation of the safety standard was a proximate cause of plaintiff's injuries merely presents a question of fact for resolution at trial.

As noted by this Court, "Labor Law § 200 codifies the common-law duty of an owner or employer to furnish employees with a safe place to work" (*Gonzalez v Stern's Dept. Stores*, 211 AD2d 414). The record is insufficient to establish the absence of supervisory control by defendant City of New York over the work performed by plaintiff and, therefore, defendant has not met its burden to eliminate any material issue of fact

so as to establish its entitlement to judgment as a matter of law (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853). Concur—Sullivan, P. J., Rosenberger, Ellerin, Wallach and Rubin, JJ.