■ ERNESTO CARBALLO, Plaintiff, v 444 EAST 87TH STREET OWNERS CORP. et al., Respondents, and BIG Z BUILDERS, INC., et al., Appellants. [789 NYS2d 170]—

In an action to recover damages for personal injuries, the defendant Big Z Builders, Inc., appeals, as limited by its brief,

from so much of an order of the Supreme Court, Kings County (Ruchelsman, J.), dated July 31, 2003, as, upon granting the motion of the respondents 444 East 87th Street Owners Corp. and Arco Management Corp. which was to set aside the verdict pursuant to CPLR 4404 on the plaintiff's causes of action to recover damages under Labor Law § 200 and for common-law negligence, directed the entry of a judgment in their favor and against it on the issue of indemnification.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is denied, and the verdict is reinstated.

The plaintiff was employed on a waterproofing project at 444 East 87th Street in New York. He was injured when he fell while ascending a fire escape to gain access to the roof of the building. The plaintiff alleged that the accident was proximately caused by the negligence of the building owner, the defendant 444 East 87th Street Owners Corp. (hereinafter the owner), and the managing agent, the defendant Arco Management Corp. (hereinafter the managing agent), in denying him access to the interior staircase and elevator, thereby compelling him to use the fire escape to access the roof.

Labor Law § 200 codifies the duty of a landowner to provide employees with a safe place to work (*see Jock v Fien,* 80 NY2d 965, 967 [1992]; *Gonzalez v Stern's Dept. Stores,* 211 AD2d 414 [1995]; *cf. Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876, 877 [1993]; *Mordkofsky v V.C.V. Dev. Corp.,* 76 NY2d 573, 577 [1990]; *Leon v Peppe Realty Corp.,* 190 AD2d 400, 410 [1993]). For liability to attach to a defendant, such as the owner or managing agent in the case at hand, that party needs to have authority or control over the activity which produced the injury to enable it to avoid or correct an unsafe condition (*see Rizzuto v Wenger Contr. Co.,* 91 NY2d 343, 352 [1998]; *Gonzalez v Stern's Dept. Stores, supra; cf. Russin v Picciano & Son,* 54 NY2d 311, 317 [1981]). Since there was evidence at trial that the owner and managing agent exercised their authority and control to exclude the plaintiff and his coworkers from the interior of the building, that the plaintiff was told to use the fire escape to access the roof and the building superintendent saw the plaintiff and his coworkers using the fire escape, the jury could rationally conclude that the owner and managing agent had the requisite control over the activity that produced the injury (*see Rizzuto v Wenger Contr. Co., supra* at 353; *Szopinski v MJ Mech. Servs.,* 217 AD2d 906, 907 [1995]; *Gonzalez v Stern's Dept. Stores, supra*). Accordingly, the Supreme Court erred in setting aside the verdict against the owner and managing agent, and in

directing the entry of a judgment in their favor and against the defendant Big Z Builders, Inc., on the issue of indemnification (*see* General Obligations Law § 5-322.1; *cf. Brown v Two Exch. Plaza Partners,* 76 NY2d 172, 180 [1990]). Smith, J.P., Luciano, Crane and Rivera, JJ., concur.