■ ANDRZEJ GIZA, Respondent, v NEW YORK CITY SCHOOL CONSTRUCTION AUTHORITY, Defendant, and NEW YORK CITY BOARD OF EDUCATION et al., Defendants and Third-Party Plaintiffs-Appellants. NATIONAL ENVIRONMENTAL SAFETY COMPANY, INC., Third-Party Defendant-Appellant. [803 NYS2d 162]—

In an action to recover damages for personal injuries, the defendants third-party plaintiffs and the third-party defendant appeal, as limited by their brief, from so much of an order the Supreme Court, Kings County (Partnow, J.), dated July 20, 2004, as denied that branch of the motion of the defendants third-party plaintiffs which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6)

based upon a violation of 12 NYCRR 23-1.7 (e) (2) insofar as asserted against the defendant third-party plaintiff City of New York.

Ordered that the appeal by the defendant third-party plaintiff New York City Board of Education is dismissed as that appellant is not aggrieved by the order appealed from (*see* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

Labor Law § 241 (6) "imposes a nondelegable duty upon owners and contractors to provide reasonable and adequate protection and safety to construction workers" (*Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876, 878 [1993]; *see Rizzuto v L.A. Wenger Contr. Co.,* 91 NY2d 343, 348 [1998]; *Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 501-502 [1993]; *Dickson v Fantis Foods,* 235 AD2d 452 [1997]). To recover on a cause of action alleging violation of Labor Law § 241 (6), a plaintiff must establish the violation of an Industrial Code provision which sets forth specific safety standards (*see Ross v Curtis-Palmer Hydro-Elec. Co., supra* at 503-505). Here, the defendant City of New York established its prima facie entitlement to judgment as a matter of law on the cause of action alleging a violation of Labor Law § 241 (6) based upon a violation of 12 NYCRR 23-1.7 (e) (2) insofar as asserted against it. The plaintiff, however, raised a triable issue of fact as to whether the warped piece of plywood that allegedly caused his accident was an integral part of his work (*see Castillo v Starrett City,* 4 AD3d 320 [2004]; *Harvey v Morse Diesel Intl.,* 299 AD2d 451, 453 [2002]) or was material which created a tripping hazard as defined in 12 NYCRR 23-1.7 (e) (2).

The remaining contentions of the City and the third-party defendant are without merit. Florio, J.P., Luciano, Skelos and Lifson, JJ., concur.