■ Leslee Ferrero, Individually and as Administratrix of the Estate of Peter Ferrero, Deceased, Appellant, v Best

Modular Homes, Inc., Defendant and Third-Party Plaintiff-Respondent, and Lawn Ranger, Doing Business as K.O. Property Management, et al., Defendants and Third-Party Defendants-Respondents. [823 NYS2d 477]—

In an action to recover damages for wrongful death, etc., the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Brennan, J.), dated February 9, 2006, as denied her motion for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law § 240 (1) and § 241 (6) insofar as asserted against the defendant and third-party plaintiff Best Modular Homes, Inc., denied her cross motion for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 200, 240 (1), and § 241 (6) insofar as asserted against the defendants and third-party defendants Michael Bellomo and Amy Bellomo, granted that branch of the motion of the defendants and third-party defendants Michael Bellomo and Amy Bellomo which was for summary judgment dismissing the complaint insofar as asserted against them, and granted that

branch of the cross motion of the defendant and third-party plaintiff Best Modular Homes, Inc., which was for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200 and 240 (1) insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The defendants Michael Bellomo and Amy Bellomo (hereinafter collectively the Bellomos), were the owners of property located at 48 Pleasant Avenue, in Port Washington, on which a modular, one-family home was to be installed and constructed. The Bellomos contracted with the defendant and third-party plaintiff, Best Modular Homes, Inc. (hereinafter Best Modular), to lay the foundation, and install the siding and sheetrock. Thereafter, Best Modular retained the defendant and third-party defendant Lawn Ranger, Inc., doing business as K.O. Property Management (hereinafter Lawn Ranger), to remove trees, tree stumps, and perform land excavation. The plaintiff's decedent was employed by Lawn Ranger. On November 25, 2002, at approximately 2:30 P.M., the decedent fell to his death while cutting a tree with a chainsaw from about 10 to 20 feet above ground on a ladder which he had brought to the site. The plaintiff then commenced this action alleging violations of Labor Law §§ 200, 240 (1), and § 241 (6).

The Supreme Court correctly granted that branch of Best Modular's separate cross motion which was for summary judgment dismissing the Labor Law § 240 (1) cause of action insofar as asserted against it, as the decedent was not engaged in an enumerated activity at the time of the accident (see Labor Law § 240 [1]).

An owner of a one- or two-family dwelling is exempt from liability under Labor Law § 240 (1) and § 241 (6) unless he or she directed or controlled the work being performed (see Murphy v Sawmill Constr. Corp., 17 AD3d 422, 424 [2005]; Stejskal v Simons, 309 AD2d 853, 854 [2003], affd 3 NY3d 628 [2004]). The phrase "direct and control" as used in those statutes "is construed strictly and refers to the situation where the 'owner supervises the method and manner of the work' " (Siconolfi v Crisci, 11 AD3d 600, 601 [2004], quoting Mayen v Kalter, 282 AD2d 508, 509 [2001]). There is no indication in the record that the Bellomos ever gave any instructions or directions to the decedent, or that they controlled the method or manner of his work. Michael Bellomo was not at the site on the day of the accident, and Amy Bellomo testified at her deposition that she and the decedent only spoke to exchange greetings. Further, it

was undisputed that the decedent brought his own ladder to the site from which he fell (*see Duarte v East Hills Constr. Corp.*, 274 AD2d 493, 494 [2000]; *Killian v Vesuvio*, 253 AD2d 480 [1998]). The Bellomos' activities in visiting the site on occasion, providing the site plans prepared by their engineers, hiring various subcontractors and scheduling when they would work, reviewing plans and the progress of the work, and making general decisions "are no more extensive than would be expected of the ordinary homeowner" (*Lane v Karian*, 210 AD2d 549, 550 [1994]; *see Garcia v Petrakis*, 306 AD2d 315 [2003]; *Tilton v Gould*, 303 AD2d 491 [2003]; *Slettene v Ginsburg*, 257 AD2d 656, 657 [1999]). Moreover, the Bellomos did not become a general contractor, responsible for supervising the entire construction project and enforcing safety standards, by virtue of the fact that they hired separate contractors to perform different aspects of the project (*see Rodas v Weissberg*, 261 AD2d 465, 466 [1999]). Accordingly, the Supreme Court properly granted those branches of the Bellomos' motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law § 240 (1) and § 241 (6) insofar as asserted against them.

Labor Law § 200 is a codification of the common-law duty imposed upon an owner or general contractor to provide construction site workers with a safe place to work (*see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]). " 'An implicit precondition to this duty "is that the party charged with that responsibility have the authority to control the activity bringing about the injury" ' " (*Reilly v Newireen Assoc.*, 303 AD2d 214, 219 [2003], quoting *Comes* at 877, quoting *Russin v Louis N. Picciano & Son*, 54 NY2d 311, 317 [1981]; *see Carballo v 444 E. 87th St. Owners Corp.*, 14 AD3d 526 [2005]). Where the alleged defect or dangerous condition arises from the subcontractor's methods and the owner or general contractor exercise no supervisory control over the operation, no liability attaches to the owner or general contractor under the common law or under Labor Law § 200 (*see Comes v New York State Elec. & Gas Corp., supra; Lombardi v Stout*, 80 NY2d 290, 295 [1992]; *Reilly v Newireen Assoc., supra; Rosenberg v Eternal Mems.*, 291 AD2d 391, 392 [2002]; *Mas v Kohen*, 283 AD2d 616, 617 [2001]).

The decedent's accident was sustained as a result of the manner in which the tree removal work was performed, rather than as a result of a dangerous condition at the site (*see Kobeszko v Lyden Realty Invs.*, 289 AD2d 535, 536 [2001]; *Giambalvo v Chemical Bank*, 260 AD2d 432, 433 [1999]). In response to the prima facie showing of entitlement to judgment as a matter of

law made by the Bellomos and Best Modular, the plaintiff failed to offer any evidence that they exercised supervisory control over the work performed by the decedent, or had any input into how the trees were to be removed (*see Lombardi v Stout, supra* at 295). The tree removal work was supervised and controlled exclusively by the decedent's employer, Lawn Ranger (*see Mohammed v Islip Food Corp.*, 24 AD3d 634, 637 [2005]). Although there is evidence that the Bellomos assumed some general supervisory duties over the entire project, those duties did not rise to the level of supervision or control necessary to hold them liable under Labor Law § 200 for the decedent's accident (*see Begor v Mid-Hudson Hardwoods*, 301 AD2d 550, 551 [2003]; *Braun v Fischbach & Moore*, 280 AD2d 506, 507 [2001]). Moreover, "no liability will attach to the owner solely because [he or she] may have had notice of the allegedly unsafe manner in which work was performed" (*Dennis v City of New York*, 304 AD2d 611, 612 [2003], citing *Comes v New York State Elec. & Gas Corp., supra; see McParland v Travelers Ins. Co.*, 302 AD2d 328 [2003]; *Colon v Lehrer, McGovern & Bovis*, 259 AD2d 417, 419 [1999]). Thus, the Supreme Court correctly granted those branches of the Bellomos' motion and Best Modular's separate cross motion which were for summary judgment dismissing the Labor Law § 200 cause of action insofar as asserted against them.

Labor Law § 241 (6) imposes a "nondelegable duty upon owners and contractors to provide reasonable and adequate protection and safety to construction workers" (*Comes v New York State Elec. & Gas Corp., supra* at 878; *see Giza v New York City School Constr. Auth.*, 22 AD3d 800, 801 [2005]), "even in the absence of control or supervision of the worksite" (*Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 348-349 [1998]; *see Bradley v Morgan Stanley & Co., Inc.*, 21 AD3d 866, 868 [2005]). To support a cause of action pursuant to Labor Law § 241 (6), a plaintiff must demonstrate that his or her injuries were proximately caused by a violation of an Industrial Code provision which sets forth specific safety standards (*see Plass v Solotoff*, 5 AD3d 365, 367 [2004]; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 503-505 [1993]). In addition, the provision must be applicable to the facts of the case (*see Singleton v Citnalta Constr. Corp.*, 291 AD2d 393, 394 [2002]). The plaintiff alleged a violation of an Industrial Code regulation sufficient to support her Labor Law § 241 (6) cause of action (*see* 12 NYCRR 23-1.21 [b] [4] [iv]; *Montalvo v J. Petrocelli Constr., Inc.*, 8 AD3d 173, 176 [2004]). The Supreme Court, however, properly denied that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on that cause of action

because there is a triable issue of fact with respect to proximate causation (*see Johnson v Flatbush Presbyt. Church*, 29 AD3d 862 [2006]; *Reinoso v Ornstein Layton Mgt., Inc.*, 19 AD3d 678, 679 [2005]; *Perri v Gilbert Johnson Enters., Ltd.*, 14 AD3d 681, 684 [2005]). Florio, J.P., Goldstein, Luciano and Lunn, JJ., concur.