■ MUSA HAIDER, Respondent, v SYLVESTER DAVIS, Appellant, et al., Defendant. (And a Third-Party Action.) [827 NYS2d 179]—

In an action to recover damages for personal injuries, the defendant Sylvester Davis appeals from an order of the Supreme Court, Kings County (Knipel, J.), dated January 19, 2005, which denied his motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the motion which were for summary judgment dismissing the causes of action al-

leging a violation of Labor Law § 200 and based upon common-law negligence insofar as asserted against the appellant, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff partially severed his thumb with a mitre saw while cutting floor boards during renovation of a building owned by the defendant Sylvester Davis (hereinafter the owner). The plaintiff commenced this action against the owner and general contractor, alleging violations of Labor Law §§ 200 and 241 (6), and common-law negligence.

Labor Law § 200 is a codification of the common-law duty of owners and general contractors to provide construction workers with a safe place to work (see Comes v New York State Elec. & Gas Corp., 82 NY2d 876 [1993]). When an injury results from a contractor's methods, recovery cannot be had against an owner who did not exercise supervisory control over the work (see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494 [1993]; Lombardi v Stout, 80 NY2d 290 [1992]). The owner made a prima facie showing that he did not exercise supervisory control over the plaintiff's method of cutting the floor boards and did not provide the tools used by the plaintiff. The plaintiff's evidence regarding the owner's general supervision of the project, which consisted mostly of inspections and admonitions to hurry the work, was insufficient to raise a triable issue of fact as to the owner's liability under Labor Law § 200 or based on common-law principles (see Dos Santos v STV Engrs., Inc., 8 AD3d 223 [2004]; Alexandre v City of New York, 300 AD2d 263 [2002]). Accordingly, the Supreme Court erred in denying those branches of the owner's motion which were to dismiss the Labor Law § 200 and common-law negligence causes of action.

Unlike Labor Law § 200, Labor Law § 241 (6) imposes a non-delegable duty upon owners to ensure the reasonable and adequate protection and safety of construction workers on their premises, "even in the absence of control or supervision of the worksite" (Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 348-349 [1998]). Labor Law § 241 (6) governs equipment which is brought onto a work site (see Kollmer v Slater Elec., 122 AD2d 117, 119 [1986]). Here the plaintiff alleged that the mitre saw did not have two guards, in violation of 12 NYCRR 23-1.12 (c) (1), a regulation with specifications sufficiently concrete to support a Labor Law § 241 (6) claim (see Ross v Curtis-Palmer Hydro-Elec. Co., supra at 505). The owner failed to establish his prima facie entitlement to summary judgment on the plaintiff's cause of action under Labor Law § 241 (6), as he failed to submit

evidence that the subject mitre saw was equipped with two guards. The failure to make such a showing requires the denial of that branch of the motion, regardless of the sufficiency of the plaintiff's opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Thus, the Supreme Court properly denied that branch of the owner's motion which was for summary judgment dismissing the plaintiff's cause of action based on Labor Law § 241 (6). Florio, J.P., Krausman, Skelos and Covello, JJ., concur.