■ Ilia Kajo et al., Appellants, v E.W. Howell Co., Inc., et al., Defendants and Third-Party Plaintiffs-Respondents, et al.,

Defendant. CUMBERLAND ELECTRIC CORP., Third-Party Defendant-Respondent. [861 NYS2d 105]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated November 28, 2006, as denied their cross motion for summary judgment on the issue of liability on their Labor Law § 240 (1) cause of action insofar as asserted against the defendants E.W. Howell Co., Inc., and Norwegian Christian Home and Health Center, and granted those branches of the cross motion of those defendants which were for summary judgment dismissing the Labor Law § 240 (1) cause of action insofar as asserted against them, and dismissing the Labor Law § 200 cause of action insofar as asserted against the defendant E.W. Howell Co., Inc.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The plaintiff Ilia Kajo (hereinafter Kajo) allegedly was injured while he and others were using ropes to pull a large, heavy panel hanging from a crane through the open wall of the fourth floor of a building under construction. He and his wife, asserting derivative claims, commenced this action against, among others, the general contractor on the project, E.W. Howell Co., Inc. (hereinafter Howell), and the owner of the building, Norwegian Christian Home and Health Center (hereinafter Norwegian), seeking damages, inter alia, for violations of Labor Law § 240 (1) and § 200. The plaintiffs appeal from so much of an order as granted those branches of the cross motion of Howell and Norwegian which were for summary judgment dismissing the Labor Law § 240 (1) cause of action insofar as asserted against them, and dismissing the Labor Law § 200 cause of action insofar as asserted against Howell. The plaintiffs also appeal from so much of the same order as denied their cross motion for summary judgment on the issue of liability on their Labor Law § 240 (1) cause of action insofar as asserted against those defendants. We affirm.

Labor Law § 240 (1) imposes a nondelegable duty upon own-

ers and general contractors to provide safety devices to protect workers from elevation-related risks (*see Misseritti v Mark IV Constr. Co.*, 86 NY2d 487, 490-491 [1995]; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 500-501 [1993]; *Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 513 [1991]). "The extraordinary protections of Labor Law § 240 (1) extend only to a narrow class of special hazards, and do 'not encompass any and all perils that may be connected in some tangential way with the effects of gravity' " (*Nieves v Five Boro A.C. & Refrig. Corp.*, 93 NY2d 914, 915-916 [1999], quoting *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501 [1993]). Here, in support of their cross motion, Howell and Norwegian demonstrated, prima facie, that Kajo's injuries did not arise from an elevation-related risk within the meaning of Labor Law § 240 (1) (*see Rocovich v Consolidated Edison Co.*, 78 NY2d 509 [1991]; *Tsatsakos v Citicorp*, 295 AD2d 500, 501 [2002]; *see also Toefer v Long Is. R.R.*, 4 NY3d 399, 405, 409 [2005]; *Parker v Ariel Assoc. Corp.*, 19 AD3d 670, 671-672 [2005]). In opposition, the plaintiffs failed to raise a triable issue of fact. Thus, the Supreme Court properly granted that branch of the cross motion of Howell and Norwegian which was for summary judgment dismissing the Labor Law § 240 (1) cause of action insofar as asserted against them. Accordingly, it also properly denied the plaintiffs' cross motion for summary judgment on the issue of liability on that cause of action.

The Supreme Court also properly granted that branch of the cross motion of those defendants which was for summary judgment dismissing the Labor Law § 200 cause of action insofar as asserted against Howell. Labor Law § 200 is a codification of the common-law duty imposed upon an owner or general contractor to provide construction site workers with a safe place to work (*see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876 [1993]; *Haider v Davis*, 35 AD3d 363 [2006]; *Ferrero v Best Modular Homes, Inc.*, 33 AD3d 847 [2006]). Where the injury allegedly arises from the means and methods of the work performed, an implicit precondition to this duty is that the party charged with that responsibility have the authority to control the activity bringing about the injury (*see Ferrero v Best Modular Homes, Inc.*, 33 AD3d 847 [2006]). Where, as here, the challenged methods are those of a subcontractor, and the owner or general contractor exercises no supervisory control over the operation, no liability attaches to the owner or general contractor under the common law or under Labor Law § 200 (*see Haider v Davis*, 35 AD3d 363 [2006]; *Ferrero v Best Modular Homes, Inc.*, 33 AD3d 847 [2006]). Here, Howell demonstrated, prima facie, that although Kajo's injury was sustained as a

result of the manner in which the work was performed, rather than as a result of a dangerous condition at the site, Howell did not exercise supervisory control over the work (*see Haider v Davis*, 35 AD3d 363 [2006]; *Ferrero v Best Modular Homes, Inc.*, 33 AD3d 847 [2006]). In opposition, the plaintiffs failed to raise a triable issue of fact. Rather, although there is evidence that Howell assumed some general supervisory duties over the entire project, those duties did not rise to the level of supervision or control necessary to hold it liable under Labor Law § 200 (*see Haider v Davis*, 35 AD3d 363 [2006]; *Ferrero v Best Modular Homes, Inc.*, 33 AD3d 847 [2006]). Thus, the Supreme Court properly granted that branch of the cross motion of Howell and Norwegian which was for summary judgment dismissing the Labor Law § 200 cause of action insofar as asserted against Howell. Lifson, J.P., Ritter, Dillon and Leventhal, JJ., concur.