MICHAEL LA VEGLIA, Appellant-Respondent, v ST. FRANCIS HOSPITAL et al., Defendants, and ORTHOPEDIC ASSOCIATES OF DUTCHESS COUNTY, P.C., Respondent-Appellant. [912 NYS2d 611]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Dutchess County (Dolan, J.), dated March 4, 2009, as granted those branches of the motion of the defendant Orthopedic Associates of Dutchess County, P.C., which were for summary judgment dismissing the common-law negligence, Labor Law § 200, and Labor Law § 240 (1) causes of action, and so much of the Labor Law § 241 (6) cause of action as was predicated on an alleged violation of 12 NYCRR 23-2.1 (b) insofar as asserted against that defendant, and denied his cross motion for summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action insofar as asserted against that defendant, and the defendant Orthopedic Associates of Dutchess County, P.C., cross-appeals, as limited by its brief, from so much of the same order as denied that branch of its motion which was for summary judgment dismissing so much of the Labor Law § 241 (6) cause of action as was predicated on alleged violations of 12 NYCRR 23-1.20 and 23-3.3 insofar as asserted against it.

Ordered that order is modified, on the law, (1) by deleting the provision thereof granting that branch of the motion of the de-

fendant Orthopedic Associates of Dutchess County, P.C., which was for summary judgment dismissing the Labor Law § 240 (1) cause of action insofar as asserted against it, and substituting therefor a provision denying that branch of the motion, (2) by deleting the provision thereof denying that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action insofar as asserted against the defendant Orthopedic Associates of Dutchess County, P.C., and substituting therefor a provision granting that branch of the cross motion, and (3) by deleting the provision thereof denying that branch of the motion of the defendant Orthopedic Associates of Dutchess County, P.C., which was for summary judgment dismissing so much of the Labor Law § 241 (6) cause of action as was predicated on violations of 12 NYCRR 23-1.20 and 23-3.3 insofar as asserted against it, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the plaintiff.

In August 2004 the plaintiff was working as a carpenter on a project involving renovation of office space for the lessee of that space, the defendant Orthopedic Associates of Dutchess County, P.C. (hereinafter the defendant). The plaintiff alleged that debris, including metal studs 10 to 12 feet long, were thrown down a chute from the fourth floor of the subject building, and that he was responsible for unclogging the bottom of the chute on the ground floor. He further alleged that he was injured when, while clearing the chute, he was struck on the hand and lower arm by one of those metal studs that had either been (a) deposited into the chute on the fourth floor and fell down the interior of the chute before striking him as he worked on the ground floor, (b) deposited into the chute on the fourth floor, and became blocked by a stud lodged near the bottom of the chute, but again began to fall when the plaintiff dislodged the lower stud, or (c) lodged near the bottom of the chute, but had become dislodged when another metal stud fell several stories down the interior of the chute and struck it. He commenced this action against, among others, the defendant, alleging common-law negligence and violations of Labor Law §§ 200, 240 (1) and § 241 (6). The defendant moved for summary judgment dismissing the complaint insofar as asserted against it, and the plaintiff cross-moved for summary judgment on the issue of liability against the defendant on the Labor Law § 240 (1) cause of action. The Supreme Court granted those branches of the defendant's motion which were for summary judgment dismissing the common-law negligence, Labor Law § 200, and Labor Law § 240 (1) causes of action insofar as asserted against it, and so

much of the Labor Law § 241 (6) cause of action as was predicated on a violation of 12 NYCRR 23-2.1 (b) insofar as asserted against it. The Supreme Court, however, denied that branch of the defendant's motion which was for summary judgment dismissing so much of the Labor Law § 241 (6) cause of action as was predicated on violations of 12 NYCRR 23-1.20 and 23-3.3 insofar as asserted against it. The Supreme Court also denied the plaintiff's cross motion for summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action insofar as asserted against the defendant. The plaintiff appeals and the defendant cross-appeals from those portions of the order which were adverse to them. We modify.

Labor Law § 200 codifies the common-law duty imposed upon an owner or general contractor to provide construction and demolition workers with a safe place to work (*see Russin v Louis N. Picciano & Son,* 54 NY2d 311, 316-317 [1981]). When a plaintiff's claims relate to the means and methods of the work, an owner may not he held liable under Labor Law § 200 unless it had the authority to supervise or control the performance of the work (*see Ortega v Puccia,* 57 AD3d 54, 61 [2008]). General supervisory authority for the purpose of overseeing the progress of the work is insufficient to impose liability under the statute (*id.* at 62). An owner has the authority to supervise or control the work for purposes of the statute when it is responsible for the manner in which the work is performed (*id.*). Here, the defendant established, prima facie, that it did not have the authority to control the means or methods by which the plaintiff performed his work (*see Enos v Werlatone, Inc.,* 68 AD3d 712, 713 [2009]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Ortega v Puccia,* 57 AD3d at 63). Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action insofar as asserted against it (*id.*; *see Cooper v State of New York,* 72 AD3d 633, 635 [2010]).

"Labor Law § 241 (6) imposes a nondelegable duty upon owners and contractors to provide reasonable and adequate protection and safety to construction workers . . . In order to recover damages on a cause of action alleging a violation of Labor Law § 241 (6), a plaintiff must establish the violation of an Industrial Code provision which sets forth specific safety standards" (*Hricus v Aurora Contrs., Inc.,* 63 AD3d 1004, 1005 [2009] [internal quotation marks omitted]). To establish liability under Labor Law § 241 (6), a plaintiff must demonstrate that his injuries were proximately caused by a violation of an Industrial Code

provision "mandating compliance with concrete specifications" (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 505 [1993]; *see Mercado v TPT Brooklyn Assoc., LLC*, 38 AD3d 732, 734 [2007]). Here, the plaintiff alleged violations of 12 NYCRR 23-2.1 (b), 23-3.3 and 23-1.20. The Supreme Court properly held that the defendant was entitled to summary judgment dismissing so much of the Labor Law § 241 (6) cause of action as was predicated on a violation of 12 NYCRR 23-2.1 (b) because that provision is too general, and not a sufficiently specific directive necessary to support a cause of action under Labor Law § 241 (6) (*see Madir v 21-23 Maiden Lane Realty, LLC*, 9 AD3d 450, 452 [2004]; *Salinas v Barney Skanska Constr. Co.*, 2 AD3d 619, 622 [2003]). The Supreme Court, however, erred in denying that branch of the defendant's motion which was for summary judgment dismissing so much of the Labor Law § 241 (6) cause of action as was predicated on violations of 12 NYCRR 23-1.20 and 23-3.3. The defendant established its prima facie entitlement to judgment as a matter of law by submitting the affidavit of an expert, who opined that there was no violation of those provisions and that any violation was not a proximate cause of the plaintiff's injuries. In opposition, the plaintiff failed to raise a triable issue of fact as to whether any alleged violation was a proximate cause of his injuries (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Nonetheless, that branch of the defendant's motion which was for summary judgment dismissing the cause of action under Labor Law § 240 (1) insofar as asserted against it should have been denied, and that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on that cause of action insofar as asserted against the defendant should have been granted. Labor Law § 240 (1) was designed to provide "exceptional protection" for workers against the "special hazards" which stem from a work site that is either elevated or positioned below the level where materials are hoisted or secured (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d at 501-502 [internal quotation marks omitted]). "[T]he purpose of the strict liability statute is to protect construction workers not from routine workplace risks, but from the pronounced risks arising from construction work site elevation differentials, and, accordingly . . . there will be no liability under the statute unless the injury producing accident is attributable to the latter sort of risk" (*Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 603 [2009]). Nevertheless, the statute is " 'to be construed as liberally as may be for the accomplishment of the purpose for which it was thus framed' " (*Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 513 [1991], quoting

*Quigley v Thatcher*, 207 NY 66, 68 [1912]). The Court of Appeals has recently stated that "the single decisive question is whether plaintiff's injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential" (*Runner v New York Stock Exch., Inc.*, 13 NY3d at 603).

With respect to that branch of its motion which was for summary judgment dismissing the Labor Law § 240 (1) claim insofar as asserted against it, the defendant failed to establish, prima facie, that the disposal of the debris and studs was not encompassed within that section (*see Karapati v K.J. Rocchio, Inc.*, 12 AD3d 413, 415 [2004]; *cf. Novak v Del Savio*, 64 AD3d 636, 638 [2009]). The plaintiff, however, established his prima facie entitlement to judgment as a matter of law on the issue of liability on his cause of action under Labor Law § 240 (1) insofar as asserted against the defendant. The debris that was being removed from the fourth floor was thrown down a chute, and the plaintiff alleged that his injuries were caused by the descent of a 10-to-12-foot-long metal stud from the fourth floor—either striking him directly or striking a lodged stud that became dislodged and thereafter struck him—or by a metal stud falling from above or atop another metal stud that he was in the process of removing from the chute. These scenarios implicate the protections of Labor Law § 240 (1), because, in any of these situations, the plaintiff's injuries were caused either by the inadequacy of the chute in protecting him from the elevation-related risk resulting from the disposal of the debris down that chute, or the failure to employ hoists, pulleys, or scaffolds for the removal of the debris, which might have provided the necessary protection (*see Baker v Barron's Educ. Serv. Corp.*, 248 AD2d 655 [1998]; *cf. Roberts v General Elec. Co.*, 97 NY2d 737, 738 [2002]; *Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 268-269 [2001]). In opposition, the defendant failed to raise a triable issue of fact (*see Ernest v Pleasantville Union Free School Dist.*, 28 AD3d 419 [2006]). Fisher, J.P., Covello, Hall and Sgroi, JJ., concur.