■ JOSEPH S. LAROSA, JR., et al., Respondents-Appellants, v INTERNAP NETWORK SERVICES CORP., Appellant-Respondent, and PAETEC COMMUNICATIONS, INC., et al., Respondents-Appellants. [921 NYS2d 294]—

In an action to recover damages for personal injuries, etc., (1) the defendant Internap Network Services Corp. appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Richmond County (McMahon, J.), dated March 9, 2010, as denied those branches of its motion which were for summary judgment dismissing the causes of action to recover damages pursuant to Labor Law § 200 and based on common-law negligence, and all cross claims insofar as asserted against it, (2) the defendant Paetec Communications, Inc., cross-appeals, as limited by its notice of appeal and brief, from so much of the same order as denied those branches of its cross motion which were for summary judgment dismissing the causes of action to recover damages pursuant to Labor Law § 200 and based on common-law negligence, and all cross claims insofar as asserted against it, (3) the plaintiffs separately cross-appeal from so much of the same order as granted those branches of the motion of the defendant Internap Network Services Corp. and the separate cross motions of the defendants Paetec Communications, Inc., and the defendants Taconic Investment Partners, LLC, Taconic Management Company, LLC, 111 Chelsea, LLC, and 111 Chelsea Commerce, L.P., which were for summary judgment dismissing the causes of action to recover damages pursuant to Labor Law § 240 (1) and § 241 (6) insofar as asserted against each of the defendants and denied

those branches of their cross motion which were for summary judgment on the issue of liability on their causes of action to recover damages pursuant to Labor Law § 240 (1) and § 241 (6) insofar as asserted against the defendants Taconic Investment Partners, LLC, Taconic Management Company, LLC, 111 Chelsea, LLC, and 111 Chelsea Commerce, L.P., (4) the defendant Sprint Communications Company, L.P., separately cross-appeals from so much of the same order as, in effect, denied that branch of its cross motion which was for summary judgment dismissing the cause of action to recover damages based on common-law negligence insofar as asserted against it, and denied those branches of its cross motion which were for summary judgment on its cross claims for contractual indemnification against the defendants Internap Network Services Corp., Taconic Investment Partners, LLC, Taconic Management Company, LLC, 111 Chelsea, LLC, and 111 Chelsea Commerce, L.P., and to set the matter down for a hearing on the amount of fees, costs, and disbursements payable to it, (5) the defendants Taconic Investment Partners, LLC, Taconic Management Company, LLC, 111 Chelsea, LLC, and 111 Chelsea Commerce, L.P., separately cross-appeal, as limited by their notice of appeal and brief, from so much of the same order as denied those branches of their cross motion which were for summary judgment dismissing the causes of action to recover damages pursuant to Labor Law § 200 and based on common-law negligence and all cross claims insofar as asserted against them, and for summary judgment on the cross claims asserted by the defendant 111 Chelsea, LLC, for contractual indemnification against the defendants Sprint Communications, L.P., and Paetec Communications, Inc., and to set the matter down for a hearing on the amount of attorney's fees, costs, and disbursements payable to the defendants Taconic Investment Partners, LLC, Taconic Management Company, LLC, 111 Chelsea, LLC, and 111 Chelsea Commerce, L.P., and (6) the defendant J. Calnan & Associates separately cross-appeals from so much of the same order as denied those branches of its cross motion which were for summary judgment dismissing the causes of action to recover damages pursuant to Labor Law § 200 and based on common-law negligence and all cross claims insofar as asserted against it.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying those branches of the motion of the defendant Internap Network Services Corp. which were for summary judgment dismissing the causes of action to recover damages pursuant to Labor Law § 200 and based on common-law negligence, and all cross claims insofar as asserted against it, and substituting thereof a provision granting those branches

of the motion, (2) by deleting the provision thereof denying those branches of the cross motion of the defendant Paetec Communications, Inc., which were for summary judgment dismissing the causes of action to recover damages pursuant to Labor Law § 200 and based on common-law negligence insofar as asserted against it, and substituting therefor a provision granting those branches of the cross motion, (3) by deleting the provision thereof, in effect, denying that branch of the cross motion of the defendant Sprint Communications Company, L.P., which was for summary judgment dismissing the cause of action to recover damages based on common-law negligence insofar as asserted against it, and substituting therefor a provision granting that branch of the cross motion, (4) by deleting the provisions thereof denying those branches of the cross motion of the defendants Taconic Investment Partners, LLC, Taconic Management Company, LLC, 111 Chelsea, LLC, and 111 Chelsea Commerce, L.P., which were for summary judgment dismissing the causes of action to recover damages pursuant to Labor Law § 200 and based on common-law negligence insofar as asserted against them, and on the cross claims asserted by the defendant 111 Chelsea, LLC, for contractual indemnification against the defendants Sprint Communications, L.P., and Paetec Communications, Inc., and to set the matter down for a hearing on the amount of attorney's fees, costs, and disbursements payable to the defendant 111 Chelsea, LLC, and substituting therefor provisions granting those branches of the cross motion, and (5) by deleting the provision thereof denying those branches of the cross motion of the defendant J. Calnan & Associates, which were for summary judgment dismissing the causes of action to recover damages pursuant to Labor Law § 200 and based on common-law negligence, and all cross claims insofar as asserted against it, and substituting therefor a provision granting those branches of the cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the defendants appearing separately and filing separate briefs, and the matter is remitted to the Supreme Court, Richmond County, for a hearing on the issue of damages on the cross claims asserted by the defendant 111 Chelsea, LLC, for contractual indemnification against the defendants Sprint Communications Company, L.P., and Paetec Communications, Inc.

The plaintiff Joseph S. LaRosa, Jr. (hereinafter the plaintiff), was an employee of nonparty Platinum Electrical Contracting, Inc., which was an electrical subcontractor engaged by the defendants Internap Network Services Corp. (hereinafter Internap) and Paetec Communications, Inc. (hereinafter Paetec). The

plaintiff allegedly was injured when he attempted to lift a box containing electrical equipment from the floor of a loading dock. The plaintiff and his wife, suing derivatively, commenced this action against, among others, Internap, Paetec, Sprint Communications Company, L.P. (hereinafter Sprint), which subleased space to Internap, 111 Chelsea, LLC (hereinafter the owner), which owned the subject building, and J. Calnan & Associates, Inc., a general contractor hired by Paetec.

The Supreme Court correctly awarded summary judgment dismissing the Labor Law § 240 (1) and § 241 (6) causes of action insofar as asserted against each of the defendants. The defendants made a prima facie showing that the plaintiff "was not engaged in an activity protected under Labor Law § 240 (1) or § 241 (6)" at the time of his accident (*Jock v Fien*, 80 NY2d 965, 968 [1992]; *see Decker v C & S Wholesale Grocers, Inc.*, 13 AD3d 573 [2004]). His accident was not caused by a special hazard, and was not the result of an elevation-related risk (*see Nieves v Five Boro A.C. & Refrig. Corp.*, 93 NY2d 914, 915-916 [1999]; *Misseritti v Mark IV Constr. Co.*, 86 NY2d 487 [1995]; *Whitehead v City of New York*, 79 AD3d 858 [2010]; *Garcia v Edgewater Dev. Co.*, 61 AD3d 924, 925 [2009]; *Kajo v E.W. Howell Co., Inc.*, 52 AD3d 659, 661 [2008]; *Gonzalez v Turner Constr. Co.*, 29 AD3d 630, 631 [2006]), as the plaintiff testified at his deposition that the accident occurred after he lifted the box approximately one foot off the ground. The defendants also demonstrated, prima facie, that the plaintiff's injuries were not proximately caused by a violation of a provision of the Industrial Code "mandating compliance with concrete specifications" (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 505 [1993]; *see La Veglia v St. Francis Hosp.*, 78 AD3d 1123 [2010]). In opposition to the defendants' prima facie showing, the plaintiff failed to raise a triable issue of fact.

The Supreme Court also correctly determined that each of the defendants established its prima facie entitlement to judgment as a matter of law dismissing the causes of action to recover damages pursuant to Labor Law § 200 and based on common-law negligence. However, contrary to the Supreme Court's determination, the plaintiffs failed to raise a triable issue of fact in opposition.

Labor Law § 200 codifies the common-law duty imposed on an owner or a general contractor to provide construction site workers with a safe place to work (*see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 352 [1998]; *Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876 [1993]; *La Veglia v St. Francis Hosp.*, 78 AD3d at 1123; *Kajo v E.W. Howell Co., Inc.*, 52 AD3d

at 661). Where a plaintiff's claims implicate the means and methods of the work, an owner or a contractor will not be held liable under Labor Law § 200 unless it had the authority to supervise or control the performance of the work. General supervisory authority to oversee the progress of the work is insufficient to impose liability. If the challenged means and methods of the work are those of a subcontractor, and the owner or contractor exercises no supervisory control over the work, no liability attaches under Labor Law § 200 or the common law (*see La Veglia v St. Francis Hosp.*, 78 AD3d at 1123; *Ortega v Puccia*, 57 AD3d 54, 60-62 [2008]; *Kajo v E.W. Howell Co., Inc.*, 52 AD3d at 661).

Here, the plaintiff's acts were under the sole control of the foreman of the subcontractor who employed him. None of the defendants exercised any control over the means and method by which the plaintiff processed the delivery of the electrical equipment. While the equipment was subsequently to be installed by Paetec, it had no representative present at the loading dock on the date of the plaintiff's accident, no work was being done by the subcontractor for Paetec, and Paetec had no knowledge that the equipment was going to be delivered on that date. To the extent that the Supreme Court determined that the plaintiff raised a triable issue of fact by virtue of his affidavit dated October 5, 2009, which was submitted approximately 10 months after his deposition, that affidavit "was carefully tailored to raise a triable issue of fact, and merely raised a feigned factual issue which was insufficient to defeat the motion[s] for summary judgment" (*Lara v Saint John's Univ.*, 289 AD2d 457 [2001]). Moreover, the affidavit was "designed to avoid the consequences of [the plaintiff's] deposition testimony" (*Knox v United Christian Church of God, Inc.*, 65 AD3d 1017 [2009]).

Accordingly, the Supreme Court should have granted those branches of the defendants' respective motions and cross motions which were for summary judgment dismissing the causes of action under Labor Law § 200 and common-law negligence insofar as asserted against each of them.

"The right to contractual indemnification depends upon the specific language of the contract," and "[t]he promise to indemnify should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding circumstances" (*George v Marshalls of MA, Inc.*, 61 AD3d 925, 930 [2009]).

Since the action should have been dismissed in its entirety, the applicable provision of the lease (Section 28.1 [a]) between Sprint and the owner entitled the owner to contractual

indemnification from Sprint. Sprint agreed to defend, indemnify, and save harmless the owner from and against "all claims arising from any accident, injury or damage occurring outside of the Premises but anywhere within or about the Real Property, where such accident, injury or damage results or is claimed to have resulted from the negligence . . . of [the] Tenant." The indemnity and hold harmless agreement included "indemnity from and against any and all liability, fines, suits, demands, costs and expenses of any kind or nature (including attorneys' fees and disbursements) incurred in or in connection with any such claim or proceeding brought thereon, and the defense thereof." As the alleged injury occurred in a common area, the loading dock, and the plaintiffs claimed that the tenant's negligence caused the accident, the owner is entitled to indemnification from Sprint, including costs, expenses, and an attorney's fee. For the same reason, the owner is entitled to indemnification from Paetec, including costs, expenses, and an attorney's fee, based upon a virtually identical indemnification clause in the lease between the owner and Paetec. Further, since the provision of the lease between Sprint and the owner with respect to contractual indemnification in favor of Sprint applies only when Sprint is not liable to indemnify the owner pursuant to Section 28.1 (a), Sprint has no right to indemnification from the owner.

Additionally, the applicable provision of the sublease between Sprint and Internap calls for indemnification by Internap, but only with respect to claims for bodily injury arising out of the use of the subleased premises or the conduct of the subtenant's business, or from any act by the subtenant or its contractors in or about the subleased premises. Here, the plaintiff's injury did not occur in the premises subleased to Internap. Nor did it arise out of the conduct of Internap's business, since the delivery of the electrical equipment was for Paetac. Therefore, Sprint is not entitled to indemnification from Internap.

Accordingly, the owner was entitled to summary judgment on its cross claim for contractual indemnification against Sprint and Paetec, but that branch of Sprint's cross motion which was for summary judgment on its cross claim for contractual indemnification against Internap and the owner was properly denied. The matter must be remitted to the Supreme Court, Richmond County, for a hearing on the issue of damages on the cross claims for contractual indemnification asserted by the owner against Sprint and Paetec.

The parties' remaining contentions are without merit. Angiolillo, J.P., Florio, Leventhal and Miller, JJ., concur. [**Prior Case History: 2010 NY Slip Op 30507(U).**]