# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

420
CA 13-01620
PRESENT: SMITH, J.P., FAHEY, PERADOTTO, SCONIERS, AND VALENTINO, JJ.

JARED A. HOFFERT, PLAINTIFF,

V                                                 MEMORANDUM AND ORDER

JEFFREY M. KATZ, DEFENDANT-APPELLANT-RESPONDENT,
CROYLE, INC., DEFENDANT-RESPONDENT-APPELLANT,
SEN BROS. ENTERPRISES, INC., DOING BUSINESS
AS GNS CONSTRUCTION, DEFENDANT-RESPONDENT,
ET AL., DEFENDANTS.

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, WHITE PLAINS (CARY MAYNARD OF COUNSEL), FOR DEFENDANT-APPELLANT-RESPONDENT.

SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (EDWARD J. SMITH, III, OF COUNSEL), FOR DEFENDANT-RESPONDENT-APPELLANT.

RICHARD P. PLOCHOCKI, SYRACUSE, FOR DEFENDANT-RESPONDENT.

---

Appeal and cross appeal from an order and judgment (one paper) of the Supreme Court, Oneida County (Samuel D. Hester, J.), entered November 21, 2012. The order and judgment denied and dismissed all cross claims between and among defendants Jeffrey M. Katz, Croyle, Inc., and Sen Bros. Enterprises, Inc., doing business as GNS Construction.

It is hereby ORDERED that the order and judgment so appealed from is unanimously affirmed without costs.

Memorandum: Defendant Jeffrey M. Katz appeals and defendant Croyle, Inc. (Croyle) cross-appeals from an order and judgment rendered after a nonjury trial that denied and dismissed all of the cross claims. We affirm for reasons stated in the decision at Supreme Court. We add only that we agree with Croyle that the court erred in concluding that Croyle was not entitled to indemnification from Katz for its defense costs, including attorneys' fees, absent a contractual or statutory basis, but we nevertheless affirm. The "common-law right of indemnification against the party actually at fault encompasses the right to recover attorneys' fees, costs, and disbursements incurred in connection with defending the suit brought by the injured party" (*Chapel v Mitchell*, 84 NY2d 345, 347). It is well settled, however, that common-law indemnification may be imposed against only those parties, i.e., indemnitors, who "actually directed and supervised the work" (*McCarthy v Turner Constr., Inc.*, 17 NY3d 369, 378). Here, the record establishes that plaintiff's employer exclusively directed and

supervised the injury-producing work, and Croyle is therefore not entitled to common-law indemnification from Katz (*see generally Ferrero v Best Modular Homes*, *Inc.*, 33 AD3d 847, 850-851, *lv dismissed* 8 NY3d 841).

Entered: June 20, 2014                                          Frances E. Cafarell
                                                               Clerk of the Court