■ ROBERT BRASCH, JR., Appellant-Respondent, v YONKERS CONSTRUCTION COMPANY, Defendant and Third-Party Plaintiff-Respondent. RICE MOHAWK U.S. CONSTRUCTION Co., LTD., Respondent-Appellant. [751 NYS2d 200] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order and judgment (one paper) of the Supreme Court, Suffolk County (Underwood, J.), entered January 19, 2001, as granted those branches of the motion of the defendant third-party plaintiff and the third-party defendant which were for summary judgment dismissing the causes of action to recover damages pursuant to Labor Law §§ 200 and 241 (6), and the third-party defendant cross-appeals from so much of the order and judgment as, in effect, granted that branch of the motion of the defendant third-party plaintiff which was for summary judgment on its causes of action for a defense and contractual indemnification in the main action, and directed it to provide a defense to the defendant third-party plaintiff in such action.

Ordered that the order and judgment is modified, on the law, (1) by deleting the provision thereof granting those branches of the motion of the defendant third-party plaintiff and the third-party defendant which were for summary judgment dismissing the causes of action to recover damages pursuant to Labor Law §§ 200 and 241 (6), and substituting therefor a provision denying those branches of the motion, and (2) by deleting the provision thereof granting that branch of the motion of the defendant third-party plaintiff which was for summary judgment on its cause of action for contractual indemnification, and substituting therefor a provision denying that branch of the motion; as so modified, the order and judgment is affirmed insofar as appealed and cross-appealed from, with one bill of costs payable by the defendant third-party plaintiff to the plaintiff.

The Supreme Court erred in dismissing the plaintiff's Labor Law § 241 (6) cause of action, which was predicated upon a violation of 12 NYCRR 23-1.28 (a) and (b). 12 NYCRR 23.1.28 (a) states that "[h]and-propelled vehicles shall be maintained in good repair. Hand-propelled vehicles having damaged

handles or loose parts shall not be used." Subdivision (b) of this provision provides that the "[w]heels of hand-propelled vehicles shall be maintained free-running and well secured to the frames of the vehicles. Buggy handles shall extend beyond the wheels on either side."

Contrary to the Supreme Court's finding, a violation of 12 NYCRR 23-1.28 (a) and (b) establishes a sufficient predicate for a cause of action pursuant to Labor Law § 241 (6), as these provisions of the Industrial Code sets forth specific, rather than general, safety standards (see *Freitas v New York City Tr. Auth.*, 249 AD2d 184; *Gray v Balling Constr. Co.*, 239 AD2d 913; cf. *Lazar v County of Ontario*, 221 AD2d 916). Labor Law § 241 (6) imposes a "nondelegable duty upon owners and contractors to provide reasonable and adequate protection and safety to construction workers" (see *Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 878).

The plaintiff alleges that the cart that he used to carry construction materials fell into a hole in a plywood work surface, causing him to sustain personal injuries. The plaintiff also alleges that the wheels of the cart were defective, thereby raising an issue of fact precluding summary judgment on the Labor Law § 241 (6) cause of action (see generally *Zuckerman v City of New York*, 49 NY2d 557, 562).

Labor Law § 200 codifies the common-law duty of an owner or employer to provide employees a safe place to work (see *Comes v New York State Elec. & Gas Corp., supra* at 877; *Russin v Picciano & Son*, 54 NY2d 311, 316-317; *Yong Ju Kim v Herbert Constr. Co.*, 275 AD2d 709, 712). This provision applies to owners, contractors, or their agents, who "have the authority to control the activity bringing about the injury to enable it to avoid or correct an unsafe condition" (see *Russin v Picciano & Son, supra* at 317; see also *Rizzuto v Wenger Contr. Co.*, 91 NY2d 343, 352; *Lombardi v Stout*, 80 NY2d 290, 295; *Kerins v Vassar Coll.*, 293 AD2d 514, 515).

The Supreme Court erred in granting the motion of the defendant third-party plaintiff for summary judgment dismissing the Labor Law § 200 cause of action, as there exist issues of fact as to whether the defendant third-party plaintiff breached its duty to maintain a safe work place (see generally *Zuckerman v City of New York, supra*).

The Supreme Court also erred in granting summary judgment to the defendant third-party plaintiff on its claim for contractual indemnification. While the third-party defendant has no duty to indemnify the defendant third-party plaintiff for its own negligence (see General Obligations Law § 5-322.1 [1]),

it remains for trial to determine whether the third-party defendant will be required to indemnify the defendant third-party plaintiff for a recovery under Labor Law § 241 (6) (*see Kowalska v Board of Educ. of City of N.Y.,* 260 AD2d 546).

However, the Supreme Court correctly directed the third-party defendant to provide a defense to the defendant third-party plaintiff in the main action, since the duty to defend is broader than the duty to indemnify, and allegations herein give rise to a reasonable possibility of coverage (*see Frontier Insulation Contrs. v Merchants Mut. Ins. Co.,* 91 NY2d 169, 175, 178; *Lehrer McGovern Bovis v Halsey Constr. Corp.,* 254 AD2d 335). S. Miller, J.P., Crane, Cozier and Rivera, JJ., concur.