■ Alejandro Gonzalez, Appellant, v City of New York et al., Respondents. (And a Third-Party Action.) [758 NYS2d 672] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Bruno, J.), dated March 25, 2002, as granted the separate motions of the defendants City of New York and New York City Transit Authority for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof granting those branches of the motions which were for summary judgment dismissing the cause of action pursuant to Labor Law § 241 (6), and substituting

therefor a provision denying those branches of the motions, and (2) deleting the provision thereof granting those branches of the motion of the New York City Transit Authority which were for summary judgment dismissing the causes of action pursuant to Labor Law § 200 and alleging common-law negligence insofar as asserted against it, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff's Labor Law § 240 (1) claim was properly dismissed, as the accident was not due to an elevation-related risk (*see Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494 [1993]; *Rocovich v Consolidated Edison Co.,* 78 NY2d 509 [1991]).

However, issues of fact exist as to whether the defendants may be liable to the plaintiff pursuant to Labor Law § 241 (6) based upon an alleged violation of 12 NYCRR 23-1.28 (a). That Industrial Code regulation provides, in pertinent part, that "[h]and-propelled vehicles having damaged handles or loose parts shall not be used" (*Brasch v Yonkers Constr. Co.,* 298 AD2d 345, 346 [2002]). At the time of the accident, the plaintiff was working with a hand-propelled cart which lacked handles. An inspector for the New York City Transit Authority (hereinafter the Transit Authority) testified at his deposition that the cart in question had holes where poles could be inserted as handles. According to the inspector, "you needed a rigid and strong enough piece of material that won't bend under pressure" inserted in order to guide the cart properly.

The cart operated by the plaintiff at the time of the accident was not equipped with poles as handles. A rope was affixed to the cart. However, according to the plaintiff's expert engineer, ropes were inadequate and "[w]ithout handles, it is difficult and dangerous both to start and stop * * * and otherwise control its movement."

The Supreme Court granted summary judgment dismissing the claim pursuant to Labor Law § 241 (6) on the ground that the cart did not have damaged handles, since it had no handles at all. However, if the cart was intended to be operated with handles and there were none, that may be the equivalent of damaged handles. Accordingly, summary judgment should have been denied with respect to the plaintiff's cause of action pursuant to Labor Law § 241 (6).

The inspector for the Transit Authority acknowledged that on three to five prior occasions, he complained to the plaintiff's employer that the carts were being operated without poles as

handles. If the Transit Authority had actual or constructive notice of a dangerous condition, it could be held liable pursuant to Labor Law § 200, and for common-law negligence (*see Seaman v Chance Co.*, 197 AD2d 612, 613 [1993]; *Sprague v Peckham Materials Corp.*, 240 AD2d 392, 394 [1997]). Accordingly, summary judgment should have been denied with respect to the plaintiff's causes of action sounding in common-law negligence and violation of Labor Law § 200, insofar as those causes of action are asserted against the Transit Authority.

The plaintiff's remaining contentions are without merit. Florio, J.P., S. Miller, Goldstein and Adams, JJ., concur.