■ MARTIN SHIELDS et al., Respondents-Appellants, v GENERAL ELECTRIC COMPANY, Defendant and Third-Party Plaintiff-Appellant-Respondent, et al., Defendant. RAYTHEON CONSTRUCTORS, INC., Third-Party Defendant-Appellant-Respondent. [771 NYS2d 249]—

Crew III, J. Cross appeals from an order of the Supreme Court (Teresi, J.), entered January 13, 2002 in Albany County, which, inter alia, partially granted defendant General Electric Compa-

ny's motion and third-party defendant's cross motion for summary judgment dismissing the complaint.

Plaintiff Martin Shields was employed by third-party defendant, Raytheon Constructors, Inc. Raytheon had been hired by defendant General Electric Company (hereinafter GE) to perform work in connection with the construction of a rail car unloading building at the GE site in the Town of Waterford, Saratoga County. On the day of the underlying accident, Shields was fabricating flanges using a magnetic drill when the drill bit caught, causing the drill to spin rapidly and repeatedly strike Shields in the forearm.

Shields and his spouse, derivatively, thereafter commenced this action against GE and defendant Arayco, Inc., the owner of the drill that allegedly injured Shields, alleging common-law negligence and violations of Labor Law §§ 200 and 241 (6). GE cross-claimed against Arayco and commenced a third-party action against Raytheon. Thereafter, GE moved for summary judgment dismissing the complaint, and Raytheon cross-moved for summary judgment dismissing the complaint and the third-party complaint. Plaintiffs also cross-moved for summary judgment on the issue of liability.

Supreme Court granted GE's and Raytheon's motions for summary judgment dismissing the common-law negligence and Labor Law § 200 claims, partially denied their motions for summary judgment dismissing the Labor Law § 241 (6) claim by dismissing all claims other than those based on 12 NYCRR 23-1.10 (b) and denied plaintiffs' cross motion for summary judgment on the issue of liability. GE and Raytheon appeal from the denial of their motions for summary judgment dismissing the Labor Law § 241 (6) cause of action, and plaintiffs cross-appeal the granting of GE's and Raytheon's motions for summary judgment dismissing the common-law negligence and Labor Law § 200 causes of action, as well as the denial of their cross motion for summary judgment on the issue of GE's liability.

It is axiomatic that in order for plaintiffs to prevail on their common-law negligence and Labor Law § 200 causes of action, they "must establish that [GE] both exercised supervisory control over the operation and had actual or constructive knowledge of the unsafe manner in which the work was being performed" (*Lyon v Kuhn*, 279 AD2d 760, 761 [2001]). In this regard, the retention of general supervisory control or a mere presence at the work site is insufficient to establish the type of control necessary to impose liability under the common law or Labor Law § 200 (*see Soshinsky v Cornell Univ.*, 268 AD2d 947 [2000]). Rather, plaintiffs were required to demonstrate that

GE supervised or controlled the very manner or methods by which Shields did his work or that it exercised direct supervision and control over his work at the time of the accident (*see Ryder v Mount Loretto Nursing Home,* 290 AD2d 892, 894 [2002]). This plaintiffs failed to do.

The record reflects that while employees of GE were present at the work site from time to time, Raytheon provided all of the tools and equipment for the work of its employees who, in turn, received all of their job assignments from Raytheon supervisors. Indeed, Shields conceded that all supervision of his work was done by Raytheon personnel. Accordingly, Supreme Court properly granted GE's and Raytheon's motions for summary judgment dismissing the common-law negligence and Labor Law § 200 causes of action.

GE and Raytheon initially contend that Supreme Court erred in failing to dismiss the Labor Law § 241 (6) cause of action because Shields was not engaged in construction of the rail car unloading building as required by that provision. We disagree. The Court of Appeals has instructed that Labor Law § 241 (6) covers industrial accidents that occur in the context of construction (*see Nagel v D & R Realty Corp.,* 99 NY2d 98, 103 [2002]). In that regard, work that is an "integral part of the construction contract" and is "necessitated by and incidental to the construction . . . and involve[s] materials being readied for use in connection therewith" is construction work (*Brogan v International Bus. Machs. Corp.,* 157 AD2d 76, 79 [1990]).

The record makes plain that on the day of the accident, Shields was engaged in the fabrication and welding of stainless steel duct work that was to be installed in a rail car unloading building that was then under construction. As such, the flanges being made by Shields were part of the construction. Contrary to GE's assertion, Shields' presence in a fabrication building some 100 yards distant from the building under construction did not divest him of the protection of the Labor Law, as "the lack of proximity between the place of accident and the precise location of construction is not dispositive against Labor Law liability for injuries to workers handling construction materials and equipment" (*id.* at 79). Inasmuch as the record makes plain that Shields was engaged in work on GE's property connected to the construction of the rail car unloading building, Supreme Court properly determined that Labor Law § 241 (6) was applicable.

Next, GE and Raytheon assert that even assuming Labor Law § 241 (6) applies here, the provision of the Industrial Code upon which plaintiffs rely imposes only a general duty of care

and is, therefore, insufficient to impose liability under Labor Law § 241 (6). We disagree. To be sure, a claim asserted under Labor Law § 241 (6) must refer to a violation of a specific standard established by the Commissioner of Labor, and there must be proof that the violation of such provision was the proximate cause of any claimed injury (*see Schwab v A.J. Martini, Inc.,* 288 AD2d 654, 656 [2001], *lv denied* 97 NY2d 609 [2002]). In this regard, rules in the Industrial Code that mandate compliance with concrete specifications will sustain a claim under Labor Law § 241 (6), while those establishing general safety standards will not (*see Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 505 [1993]).

Here, plaintiffs rely upon 12 NYCRR 23-1.10 to sustain their claim under Labor Law § 241 (6). 12 NYCRR 23-1.10 (b) (1) provides, in relevant part, as follows: "(b) Electrical and pneumatic hand tools. (1) Power shut-off requirements. . . . Every electric and pneumatic hand tool shall be equipped with a cut-off switch within easy reach of the operator."

While GE and Raytheon acknowledge that the regulation is specific insofar as it provides that every hand tool shall be equipped with a cut-off switch, they argue that the phrase "within easy reach" is a general, as opposed to specific, directive and therefore cannot be relied upon to impose liability under Labor Law § 241 (6). Moreover, it is argued that even if the phrase "within easy reach" is considered sufficiently specific to impose liability, plaintiffs offered no proof that violation of the rule was the proximate cause of Shields' injury.

In our view, the regulation is sufficiently specific to support a Labor Law § 241 (6) claim. Nonetheless, questions of fact remain regarding whether the on-off switch was located "within easy reach of the operator" and, if not, whether its location was the proximate cause of Shields' injuries. As such, Supreme Court properly denied GE's and Raytheon's motions for summary judgment dismissing the Labor Law § 241 (6) claim, as well as plaintiffs' cross motion for summary judgment on the issue of liability.

Cardona, P.J., Mugglin, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.