■ THOMAS HART, Appellant-Respondent, v COMMACK HOTEL, LLC, et al., Defendants/Third-Party Plaintiffs-Respondents-Appellants, et al., Defendant. HART ROOFING & WATERPROOF-ING, INC., Third-Party Defendant-Respondent. [927 NYS2d 111]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County, (Rebolini, J.), dated June 22, 2010, as denied his motion for summary judgment on the issue of liability on his cause of action alleging a violation of Labor Law § 240 (1) and granted those branches of the cross motion of the defendants/third-party plaintiffs, Commack Hotel, LLC, and HMB Management Co., which were for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 241 (6), and the defendants/third-party plaintiffs, Commack Hotel, LLC, and HMB Management Co., cross-appeal, as limited by their brief, from so much of the same order as denied that branch of their cross motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) and denied that branch of their cross motion which was for summary judgment on the third-party cause of action for conditional common-law indemnification against the third-party defendant, Hart Roofing & Waterproofing, Inc.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendants/third-party plaintiffs' which was for summary judgment on the cause of action for conditional common-law indemnification and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs payable by the third-party defendant to the defendants/third-party plaintiffs.

While installing a new roof at a hotel owned and operated by the defendants/third-party plaintiffs, Commack Hotel, LLC, and HMB Management Co. (hereinafter together the owners), the plaintiff allegedly was injured when he slipped and fell approximately 22 feet from the roof after kneeling on an unsupported portion of roofing material. The plaintiff failed to establish his prima facie entitlement to judgment as a matter of law on the issue of liability pursuant to Labor Law § 240 (1) because his own submissions showed the existence of triable issues of fact as to whether adequate safety devices were readily avail-

able and, if so, whether he was aware that he should use them while working on the roof (*see Berg v Albany Ladder Co., Inc.*, 10 NY3d 902, 904 [2008]). Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1), and that branch of the owners' cross motion which was for summary judgment dismissing that cause of action.

"Labor Law § 200 is a codification of the common-law duty imposed upon an owner or general contractor to maintain a safe construction site" (*McKee v Great Atl. & Pac. Tea Co.*, 73 AD3d 872, 873 [2010]). Where, as here, "a claim arises out of alleged defects or dangers in the methods or materials of the work, recovery against the owner or general contractor cannot be had under Labor Law § 200 unless it is shown that the party to be charged had the authority to supervise or control the performance of the work" (*id.* at 874; *see Herrel v West*, 82 AD3d 933, 933 [2011]). Here, the owners established their prima facie entitlement to judgment as a matter of law by demonstrating that they did not have the authority to supervise or control the roofing work performed by the plaintiff's employer, Hart Roofing & Waterproofing, Inc. (hereinafter Hart Roofing), which gave rise to the injury (*see Lombardi v Stout*, 80 NY2d 290, 294-295 [1992]; *McKee v Great Atl. & Pac. Tea Co.*, 73 AD3d at 874; *Chowdhury v Rodriguez*, 57 AD3d 121, 127 [2008]). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the owners' cross motion which was for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200. The Supreme Court also properly granted that branch of the owners' cross motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6) because the plaintiff failed to identify a violation of any specific provision of the New York State Industrial Code in his pleadings, bill of particulars, or the underlying motion papers (*see Owen v Commercial Sites*, 284 AD2d 315 [2001]).

However, the Supreme Court should have granted that branch of the owners' cross motion which was for summary judgment on their cause of action for conditional common-law indemnification. In order to establish a claim for common-law indemnification, a party must "prove not only that [it was] not negligent, but also that the proposed indemnitor . . . was responsible for negligence that contributed to the accident or, in the absence of any negligence, had the authority to direct, supervise, and

control the work giving rise to the injury" (*Benedetto v Carrera Realty Corp.*, 32 AD3d 874, 875 [2006]). Here, the owners were not negligent, and any liability on their part would be purely statutory and vicarious (*id.*; *see Perri v Gilbert Johnson Enters., Ltd.*, 14 AD3d 681, 684-685 [2005]). The owners also demonstrated that Hart Roofing was hired to replace the roof at their hotel and it had the authority to direct, supervise, and control the means and methods of the roofing work. In opposition, Hart Roofing failed to raise a triable issue of fact. Rivera, J.P., Florio, Austin and Cohen, JJ., concur.