■ Luis Cabrera, Respondent-Appellant, v Revere Condominium et al., Appellants-Respondents. [937 NYS2d 98]—

On April 5, 2007, the plaintiff was employed by Kay Waterproofing on a refacing project at a building located in Manhattan, owned by the defendant Revere Condominium and managed by the defendant Akam Associates, Inc. (hereinafter together the defendants). While attempting to cut a piece of metal with a hand-held power grinder, the plaintiff allegedly was injured. He commenced this action against the defendants seeking to recover damages for his injuries. He asserted that

the defendants violated Labor Law §§ 200 and 241 (6). The cause of action under Labor Law § 241 (6) was based on alleged violations of the Industrial Code (*see* 12 NYCRR 23-1.12 [c]; 23-9.2 [a]). After the note of issue was filed, the defendants moved for summary judgment dismissing the complaint. The Supreme Court denied that branch of the motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 200, but granted that branch of the motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6).

"Labor Law § 200 is a codification of the common-law duty imposed upon an owner or general contractor to maintain a safe construction site" (*McKee v Great Atl. & Pac. Tea Co.*, 73 AD3d 872, 873 [2010]; *see Hart v Commack Hotel, LLC*, 85 AD3d 1117, 1118 [2011]). When the claim is based on alleged defects or dangers in the methods or materials used to perform the work, a plaintiff may recover against an owner or general contractor under Labor Law § 200 only upon a showing that the defendant had the authority to supervise or control the performance of the work (*see Hart v Commack Hotel, LLC*, 85 AD3d at 1118; *McKee v Great Atl. & Pac. Tea Co.*, 73 AD3d at 874; *Ortega v Puccia*, 57 AD3d 54, 61 [2008]). General supervisory authority for the purpose of overseeing the progress of the work and inspecting the work product is insufficient to impose liability (*see La Veglia v St. Francis Hosp.*, 78 AD3d 1123, 1125 [2010]; *Ortega v Puccia*, 57 AD3d at 62-63). Here, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that they did not have the authority to supervise or control the work in which the plaintiff was engaged at the time of his alleged injury (*see Ortega v Puccia*, 57 AD3d at 62). In opposition, the plaintiff failed to raise a triable issue of fact (*see Hart v Commack Hotel, LLC*, 85 AD3d at 1118). Therefore, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 200.

The Supreme Court correctly granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6). "To prevail on a cause of action asserted under Labor Law § 241 (6), a plaintiff must establish a violation of an implementing regulation that sets forth a specific standard of conduct as opposed to a general reiteration of common-law principles" (*O'Hare v City of New York*, 280 AD2d 458, 458 [2001]; *see Nostrom v A.W. Chesterton Co.*, 15 NY3d 502, 507 [2010]; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 502-504 [1993]).

Here, the plaintiff asserted that the defendants violated 12 NYCRR 23-1.12 (c), which relates to power-driven saws, and 12 NYCRR 23-9.2 (a), which, as limited by 12 NYCRR 23-9.1, relates to "power-operated heavy equipment or machinery" (12 NYCRR 23-9.1). The defendants established, prima facie, that neither 12 NYCRR 23-1.12 (c) nor 12 NYCRR 23-9.2 (a) was applicable. First, 12 NYCRR 23-1.12 (c) applies only to saws, and the grinder was not a saw. Second, the hand-held grinder was not "heavy machinery" as regulated by 12 NYCRR 23-9 (*see Misicki v Caradonna*, 12 NY3d 511, 520 [2009]). In opposition, the plaintiff failed to raise a triable issue of fact. The allegation that the grinder was being used to cut metal through the use of a grinder blade did not raise a triable issue of fact as to whether it was a "saw" within the meaning of 12 NYCRR 23-1.12 (c) (*cf. St. Louis v Town of N. Elba*, 16 NY3d 411, 416 [2011]). That regulation is specific in terms of the required safety features of a saw and, given its function, a grinder lacks such features. Additionally, although the grinder was being used to cut metal, it was not being used to do so by "sawing" it.

It is unnecessary to address the parties' contentions on the cross appeal relating to the timeliness of the defendants' disclosure of their expert witness. Our determination of the issue raised on the cross appeal as to that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6) is independent of the parties' expert submissions. Dillon, J.P., Balkin, Leventhal and Chambers, JJ., concur.