*695 In an action to recover damages for personal injuries, the plaintiff appeals from so much of (1) an order of the Supreme Court, Queens County (Nahman, J.), dated December 6, 2011, as granted that branch of the defendants’ motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6), and (2) an order of the same court dated March 29, 2012, as, upon resettlement, vacated so much of the order dated December 6, 2011, as denied that branch of the defendants’ motion which was for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200, and substituted therefor a provision granting that branch of the defendants’ motion.
Ordered that the orders are affirmed insofar as appealed from, with one bill of costs.
On July 23, 2008, the plaintiff was working on a renovation project at a New York City public school when the hand-held angle grinder he was holding spun out of control and the blade allegedly cut into his left hand. The plaintiff was an employee of a nonparty subcontractor hired by the defendant Deborah Bradley Construction & Management Services, Inc., the general contractor, to perform the exterior work at the school.
The defendants established their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging common-law negligence and a violation of Labor Law § 200 “by demonstrating that the subject accident was caused by the means and methods of the plaintiff’s work, that the plaintiffs work was directed and controlled by his employer, and that they had no authority to exercise supervisory control over his work” (Koat v Consolidated Edison of N.Y., Inc., 98 AD3d 474, 475-476 [2012]; see Schwind v Mel Lany Constr. Mgt. Corp., 95 AD3d 1196, 1198 [2012]; Robinson v County of Nassau, 84 AD3d 919, 920 [2011]; Cambizaca v New York City Tr. Auth., 57 AD3d 701, 702 [2008]). The deposition testimony submitted by the plaintiff in opposition, establishing that the defendants had retained “[t]he right to generally supervise the work, stop the contractor’s work if a safety violation [was] noted, or to ensure compliance with safety regulations and contract specifications” (Torres v Perry St. Dev. Corp., 104 AD3d 672, 676 [2013] [internal quotation marks and citations omitted]; see Allan v DHL Express [USA], Inc., 99 AD3d 828, 832 [2012]; Robinson v County of Nassau, 84 AD3d at 920; Cambi *696 zaca v New York City Tr. Auth., 57 AD3d at 702), was insufficient to raise a triable issue of fact (see Giuffrida v Citibank Corp., 100 NY2d 72, 81 [2003]; Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). The plaintiffs argument with regard to an alleged “dangerous premise condition,” raised for the first time on appeal, is not properly before this Court (see Jamindar v Uniondale Union Free School Dist., 90 AD3d 612, 617 [2011]). While it is true that “[an] issue may be raised for the first time on appeal [where] it is one of law appearing on the face of the record and . . . could not have been avoided had it been raised at the proper juncture” (Matter of Bayley Seton Hosp. v New York City Water Bd., 66 AD3d 670, 672 [2009]), contrary to the plaintiffs contention, this is not such an issue (cf. Matter of Richardson v Fiedler Roofing, 67 NY2d 246 [1986]; Matter of Bayley Seton Hosp. v New York City Water Bd., 66 AD3d at 672). Accordingly, the Supreme Court properly granted that branch of the defendants’ motion which was for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200.
Likewise, the Supreme Court did not err in granting that branch of the defendants’ motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6). To prevail on such a cause of action, a plaintiff must demonstrate “that his injuries were proximately caused by a violation of an Industrial Code provision which sets forth specific safety standards, and is applicable to the facts of the case” (Parker v 205-209 E. 57th St. Assoc., LLC, 100 AD3d 607, 608 [2012]; see Norero v 99-105 Third Ave. Realty, LLC, 96 AD3d 727, 728 [2012]; Ferrero v Best Modular Homes, Inc., 33 AD3d 847, 851 [2006]). Here, in opposition to the defendants’ prima facie showing of entitlement to judgment as a matter of law on the cause of action alleging a violation of Labor Law § 241 (6) (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]), the plaintiff failed to raise a triable issue of fact with regard to the applicability of Industrial Code § 23-1.12 (c) (1) (12 NYCRR 23-1.12 [c] [1]), a regulation which relates to power-driven saws, and which, as this Court held in Cabrera v Revere Condominium (91 AD3d 695 [2012]), does not apply to grinders (id. at 697). As to the alleged violation of Industrial Code § 23-1.10 (b) (1) (12 NYCRR 23-1.10 [b] [1]), requiring that the on/off switch be “within easy reach of the operator,” the plaintiffs own testimony established that he could not get to the on/off switch because the grinder had “jumped” out of his hands when the power suddenly came on, not because of where the switch was placed on the grinder itself. Accordingly, the plaintiff failed to raise a triable issue of fact as to whether a *697 violation of Industrial Code § 23-1.10 (b) (1) proximately caused his injuries (see generally Alvarez v Prospect Hosp., 68 NY2d at 324; Zuckerman v City of New York, 49 NY2d at 562). Mastro, J.P., Dillon and Dickerson, JJ., concur.