Austin, J.,
concurs in part and dissents in part, and votes to modify the order dated December 6, 2011, by deleting the provision thereof granting that branch of the defendants’ motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6) insofar as it was premised upon a violation of Industrial Code § 23-1.10 (b) (1) (12 NYCRR 23-1.10 [b] [1]), and substituting therefor a provision denying that branch of the motion, otherwise affirm the order dated December 6, 2011, insofar as appealed from, and affirm the order dated March 29, 2012, insofar as appealed from, with the following memorandum:
I agree with the determination that the defendants were entitled to summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200. Moreover, under constraint of Cabrera v Revere Condominium (91 AD3d 695 [2012]), I agree that the cause of action alleging a violation of Labor Law § 241 (6) insofar as it was premised upon a violation of Industrial Code § 23-1.12 (c) (1) (12 NYCRR 23-1.12 [c] [1]) was properly dismissed, as that provision relates to power-driven saws and not grinders. In Cabrera, this Court distinguished the Court of Appeals’ decision in St. Louis v Town of N. Elba (16 NY3d 411 [2011]) when it concluded that a hand-held grinder is not a “saw” within the meaning of Industrial Code § 23-1.12 (c) (1) (see Cabrera v Revere Condominium, 91 AD3d at 697). Accordingly, I am constrained to concur that the Supreme Court properly granted that branch of the defendants’ motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6) insofar as it was premised upon a violation of Industrial Code § 23-1.12 (c) (1).
However, I respectfully dissent from the determination that the plaintiff failed to raise a triable issue of fact as to whether the defendants’ alleged violation of Industrial Code § 23-1.10 (b) (1), which requires that “[e]very electric . . . hand tool shall be equipped with a cut-off switch within easy reach of the operator,” proximately caused his injuries. I find that the plaintiff raised a triable issue of fact with respect to this alleged violation. When deposed, the plaintiff testified that, immediately before the electric outlet started to feed electricity to the grinder, he tried to turn it off, but it jumped out of his hand. The sequence of events as related by the plaintiff presents a triable *698 issue of fact as to whether the claimed absence of an accessible cut-off switch was a proximate cause of his injury (see Shields v General Elec. Co., 3 AD3d 715, 718 [2004]; cf. Gonzalez v City of New York, 304 AD2d 709, 710 [2003]).
Accordingly, that branch of the defendants’ motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6) insofar as it was premised upon a violation of Industrial Code § 23-1.10 (b) (1) should have been denied.