Nicola v United Veterans Mut. Hous. No. 2, Corp. (2019 NY Slip Op 09012)





Nicola v United Veterans Mut. Hous. No. 2, Corp.


2019 NY Slip Op 09012


Decided on December 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2017-07850
2017-09030
 (Index No. 16332/13)

[*1]Peter Nicola, respondent, 
v
United Veterans Mutual Housing No. 2, Corporation, et al., defendants third- party plaintiffs-appellants, Senid Plumbing & Heating Corp., defendant third-party defendant-appellant, et al., defendants.


Baxter Smith & Shapiro, P.C., Hicksville, NY (Arthur J. Smith, Bryan R. Forbes, and Dennis Heffernan of counsel), for defendants third-party plaintiffs-appellants.
Dillon Horowitz & Goldstein LLP, New York, NY (Michael M. Horowitz of counsel), for defendant third-party defendant-appellant.
Brian J. Elbaum, New York, NY (Ronald J. Korybski of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, (1) the defendants third-party plaintiffs and the defendant third-party defendant separately appeal from an order of the Supreme Court, Queens County (Pam Jackman Brown, J.), entered June 22, 2017, and (2) the defendant third-party defendant appeals from an order of the same court, also entered June 22, 2017. The first order, insofar as appealed from, denied that branch of the defendants third-party plaintiffs' motion which was for summary judgment dismissing so much of the Labor Law § 241(6) cause of action as was predicated upon alleged violations of 12 NYCRR 23-1.5(c)(3), 23-3.3(c), and 23-9.2(a) and (b)(1) insofar as asserted against them. The second order, insofar as appealed from, denied that branch of the defendant third-party defendant's motion which was for summary judgment dismissing so much of the Labor Law § 241(6) cause of action as was predicated upon alleged violations of 12 NYCRR 23-1.5(c)(3), 23-3.3(c), and 23-9.2(a) and (b)(1) insofar as asserted against the defendants third-party plaintiffs and, in effect, denied that branch of the defendant third-party defendant's motion which was for summary judgment dismissing the third-party complaint.
ORDERED that the first order is reversed insofar as appealed from, on the law, and that branch of the defendants third-party plaintiffs' motion which was for summary judgment dismissing so much of the Labor Law § 241(6) cause of action as was predicated upon alleged violations of 12 NYCRR 23-1.5(c)(3), 23-3.3(c), and 23-9.2(a) and (b)(1) insofar as asserted against them is granted; and it is further,
ORDERED that the second order is reversed insofar as appealed from, on the law, and those branches of the defendant third-party defendant's motion which were for summary judgment dismissing so much of the Labor Law § 241(6) cause of action as was predicated upon alleged violations of 12 NYCRR 23-1.5(c)(3), 23-3.3(c), and 23-9.2(a) and (b)(1) insofar as asserted [*2]against the defendants third-party plaintiffs and for summary judgment dismissing the third-party complaint are granted; and it is further,
ORDERED that one bill of costs is awarded to the defendants third-party plaintiffs and the defendant third-party defendant appearing separately and filing separate briefs, payable by the plaintiff.
On April 15, 2011, the plaintiff, an employee of the defendant third-party defendant, Senid Plumbing & Heating Corp. (hereinafter Senid), allegedly was injured when he was struck in the face with a hammer drill he was using while drilling a hole for a gas line in a boiler room located in a building owned by the defendants third-party plaintiffs, United Veterans Mutual Housing No. 2, Corporation, Bell Park Gardens Corp., and United Veterans Mutual Housing No. 2, doing business as Bell Park Gardens Corp. (hereinafter collectively the United Veterans defendants). The United Veterans defendants hired Senid to convert the boilers from oil to gas. According to the plaintiff's deposition testimony, he had been drilling a hole in a wall for about an hour, holding the hammer drill in one hand with his other hand on the trigger, when it suddenly spun and struck him.
The plaintiff commenced this action to recover damages for personal injuries, alleging, inter alia, common-law negligence and violations of Labor Law §§ 200, 240(1), and 241(6). The United Veterans defendants commenced a third-party action against Senid. Senid moved for summary judgment dismissing the amended complaint insofar as asserted against the United Veterans defendants and for summary judgment dismissing the third-party complaint. Shortly thereafter, the United Veterans defendants moved for summary judgment dismissing the amended complaint insofar as asserted against them. Senid submitted papers in support of the United Veterans defendants' motion. The Supreme Court determined the summary judgment motions in two orders entered June 22, 2017. In the first order, the court denied that branch of the United Veterans defendants' motion which was for summary judgment dismissing so much of the Labor Law § 241(6) cause of action as was predicated upon alleged violations of 12 NYCRR 23-1.5(c)(3), 23-3.3(c), and 23-9.2(a) and (b)(1) insofar as asserted against them, and otherwise granted the motion. In the second order, the court, inter alia, denied that branch of Senid's motion which was for summary judgment dismissing so much of the Labor Law § 241(6) cause of action as was predicated upon alleged violations of 12 NYCRR 23-1.5(c)(3), 23-3.3(c), and 23-9.2(a) and (b)(1) insofar as asserted against the United Veterans defendants and, in effect, denied that branch of Senid's motion which was for summary judgment dismissing the third-party complaint. The United Veterans defendants and Senid separately appeal from the first order, and Senid appeals from the second order.
The Supreme Court should have awarded summary judgment dismissing so much of the Labor Law § 241(6) cause of action as was premised upon alleged violations of 12 NYCRR 23-1.5(c)(3), 23-3.3(c), and 23-9.2(a) and (b)(1) insofar as asserted against the United Veterans defendants. 12 NYCRR 23-9.2(b)(1) is " merely a general safety standard that does not give rise to a nondelegable duty under [Labor Law § 241(6)]'" (Gonzalez v Perkan Concrete Corp., 110 AD3d 955, 958, quoting Hricus v Aurora Contrs., Inc., 63 AD3d 1004, 1005; see Guallpa v Canarsie Plaza, LLC, 144 AD3d 1088, 1091). The United Veterans defendants established, prima facie, that 12 NYCRR 23-9.2(a) was inapplicable to the facts of this case, as the hammer drill that injured the plaintiff was not "heavy equipment or machinery" (12 NYCRR 23-9.1; see Misicki v Caradonna, 12 NY3d 511, 518; Cabrera v Revere Condominium, 91 AD3d 695, 697). They further demonstrated, prima facie, that they lacked notice of any defect or unsafe condition in the hammer drill (see 12 NYCRR 23-9.2[a]; 23-1.5[c][3]; Perez v 286 Scholes St. Corp., 134 AD3d 1085, 1086; Ramos v Patchogue-Medford School Dist., 73 AD3d 1010, 1012). Additionally, the United Veterans defendants demonstrated, prima facie, that 12 NYCRR 23-3.3(c) was inapplicable. In this regard, section 23-3.3(c) pertains only to demolition. Here, the plaintiff was drilling a hole to install piping for gas boilers and was not engaged in demolition, which is defined as "[t]he work incidental to or associated with the total or partial dismantling or razing of a building or other structure" (12 NYCRR 23-1.4[b][16]; see Turgeon v Vassar Coll., 172 AD3d 1134, 1135; Ramirez v Metropolitan Transp. Auth., 106 AD3d 799, 801). In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, the affidavit of his expert was speculative, conclusory, and [*3]unsupported by the facts (see Rodriguez v D & S Bldrs., LLC, 98 AD3d 957, 958; Laskowski v 525 Park Ave. Condominium, 93 AD3d 822, 825).
In light of our determination, that branch of Senid's motion which was for summary judgment dismissing the third-party complaint should be granted (see Ingram v Long Is. Coll. Hosp., 101 AD3d 814, 816; Spence v Island Estates at Mt. Sinai II, LLC, 79 AD3d 936, 939).
SCHEINKMAN, P.J., LASALLE, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court