■ SHEILA GEORGE et al., Plaintiffs, v MARSHALLS OF MA, INC., et al., Defendants, SULLIVAN SERVICE CO., INC., Respondent, and AMERICAN INDUSTRIAL CLEANING CO., INC., Appellant. [878 NYS2d 164]—

In an action to recover damages for personal injuries, etc., the defendant American Industrial Cleaning Co., Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Lally, J.), dated November 5, 2007, as granted that branch of the motion of the defendant Sullivan Service Co., Inc., which was for conditional summary judgment on its cross claim for contractual indemnification against the defendant American Industrial Cleaning Co., Inc.

Ordered that the order is affirmed insofar as appealed from, with costs.

A court may render a conditional judgment on the issue of indemnity pending determination of the primary action in order that the indemnitee may obtain the earliest possible determination as to the extent to which he or she may expect to be reimbursed provided that there are no issues of fact concerning the indemnitee's active negligence (*see Gil v Manufacturers Hanover Trust Co.*, 39 AD3d 703, 705 [2007]; *State of New York v Travelers Prop. Cas. Ins. Co.*, 280 AD2d 756, 757-758 [2001]).

Here, there are no issues of fact concerning the negligence of Sullivan Service Co., Inc. (hereinafter Sullivan) (*see George v Marshalls of MA, Inc.*, 61 AD3d 925 [2009] [decided herewith]). Pursuant to Sullivan's contract with Marshalls of MA, Inc., and TJX Companies, Inc. (hereinafter together Marshalls), Sullivan may be obligated to indemnify Marshalls for a "negligent act" of Sullivan's subcontractor, American Industrial Cleaning Co., Inc. (hereinafter American), which caused the accident involving the plaintiff Shelia George. If it is shown that an act or omission of American caused Sheila George's accident, then, pursuant to American's contract with Sullivan, American is obligated to indemnify Sullivan. Accordingly, the Supreme Court correctly granted Sullivan conditional summary judgment on its cross claim against American for contractual indemnification. Mastro, J.P., Florio, Covello and Belen, JJ., concur. [*See* 2007 NY Slip Op 33626(U).]