■ ROBERT A. HALL et al., Respondents, v SMITHTOWN CENTRAL SCHOOL DISTRICT, Appellant, and STALCO CONSTRUCTION, INC., Respondent, et al., Defendant. [917 NYS2d 690]—

The defendant Smithtown Central School District (hereinafter SCSD) undertook a construction project to add several classrooms to one of its school buildings. SCSD contracted with the defendant Stalco Construction, Inc. (hereinafter Stalco), to be a prime contractor for general construction on the project. The plaintiff Robert A. Hall, an electrician employed by Stalco, alleged that he was injured when he fell from a ladder while installing ceiling fixtures in one of SCSD's classrooms. Hall and his wife, suing derivatively (hereinafter together the plaintiffs), commenced this action against, among others, SCSD and Stalco (hereinafter the defendants). The defendants answered, asserted cross claims, and separately moved for summary judgment.

SCSD failed to establish its prima facie entitlement to judgment as a matter of law on that branch of its motion which was for summary judgment dismissing the plaintiffs' Labor Law § 240 (1) cause of action, as there is a triable issue of fact relating to the proximate cause of the accident (*see Robinson v East Med. Ctr., LP*, 6 NY3d 550, 552 [2006]; *Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 290-291 [2003]; *Kwang Ho Kim v D & W Shin Realty Corp.*, 47 AD3d 616, 618-619 [2008]; *Kozlowski v Grammercy House Owners Corp.*, 46 AD3d 756 [2007]; *D'Angelo v Builders Group*, 45 AD3d 522 [2007]; *Florio v LLP Realty Corp.*, 38 AD3d 829 [2007]). Therefore, the Supreme Court properly denied that branch of SCSD's motion.

Stalco made a prima facie showing of its entitlement to judgment as a matter of law by establishing that it was a prime contractor and not responsible for the work allegedly giving rise to Hall's injury and hence entitled to summary judgment dismissing the plaintiffs' Labor Law § 240 (1) cause of action insofar as asserted against it (*see Nasuro v PI Assoc., LLC*, 49 AD3d 829, 830 [2008]). In opposition, SCSD failed to raise a triable issue of fact. Consequently, the Supreme Court properly granted that branch of Stalco's motion which was, in effect, for summary judgment dismissing SCSD's cross claim for contribution and indemnification insofar as asserted against it. Mastro, J.P., Balkin, Leventhal and Miller, JJ., concur.