■ JIGAR JAMINDAR, Appellant-Respondent, v UNIONDALE UNION FREE SCHOOL DISTRICT et al., Defendants/Third-Party Plaintiffs-Respondents-Appellants, and IRWIN CONTRACTING, INC., et al., Respondents-Appellants. HERRICK's MECHANICAL CORPORATION, Third-Party Defendant-Respondent-Appellant. [934 NYS2d 437]—

The plaintiff commenced this action to recover damages pursuant to Labor Law §§ 200, 240 (1) and § 241 (6), and for common-law negligence, for personal injuries he allegedly sustained in August 2007 when he fell approximately 25 feet from the top of a scissor lift owned by the defendant Northgate Electrical (hereinafter Northgate), while performing duct work demolition for his employer, the third-party defendant Herrick's Mechanical Corporation (hereinafter Herrick's). The plaintiff was performing the work at an auditorium of the defendants/third-party plaintiffs Uniondale Union Free School District and Uniondale High School (hereinafter together Uniondale). The plaintiff alleged that, while he was removing air conditioning ducts, a portion of an air duct being removed struck the scissor lift, causing the scissor lift to fall over. In addition to Northgate, which was hired by Uniondale to perform electrical work, and Herrick's, which was hired by Uniondale to perform the duct work demolition, the defendants Irwin Contracting (hereinafter Irwin) and Conor Construction Consultants (hereinafter Conor), were also hired by Uniondale to work on the project in various capacities. The plaintiff alleged, inter alia, that the scissor lift was defective and not suitable to protect him from elevation related hazards.

The Supreme Court erred in denying that branch of the plaintiff's motion which was for summary judgment on the

cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against the property owner, Uniondale. "Labor Law § 240 (1) provides exceptional protection for workers against the 'special hazards' that arise when either the work site itself is elevated or is positioned below the level where materials or load are being hoisted or secured" (*Gonzalez v Turner Constr. Co.*, 29 AD3d 630, 631 [2006]). The failure of an owner such as Uniondale "to furnish or erect suitable devices to protect workers when work is being performed" results in absolute liability against that owner under Labor Law § 240 (1) (*Lombardi v Stout*, 80 NY2d 290, 295 [1992]; *see Pineda v 79 Barrow St. Owners Corp.*, 297 AD2d 634 [2002]). Here, in response to the plaintiff's prima facie showing of entitlement to judgment as a matter of law on the Labor Law § 240 (1) cause of action against Uniondale (*see Thome v Benchmark Main Tr. Assoc., LLC*, 86 AD3d 938 [2011]), Uniondale failed to raise a triable issue of fact. Contrary to Uniondale's contention, as well as similar contentions raised by the other defendants, this is not a case where it can be said that the plaintiff's own conduct was the sole proximate cause of the accident and his injuries since, inter alia, at the time of the accident, he was using the Northgate scissor lift at the direction of his foreman (*see Harris v City of New York*, 83 AD3d 104, 110 [2011]; *Pichardo v Aurora Contrs., Inc.*, 29 AD3d 879 [2006]). Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment on the cause of action alleging a violation of Labor Law § 240 (1) against Uniondale.

Conor made a prima facie showing of entitlement to judgment as a matter of law on its cross claim for common-law indemnification against Northgate, demonstrating that any liability to the plaintiff on its part would be purely statutory and vicarious to Northgate's direct liability. In opposition, Northgate failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of Conor's cross motion which was for conditional summary judgment on its common-law indemnification cross claims against Northgate (*see Hart v Commack Hotel, LLC*, 85 AD3d 1117 [2011]).

The Supreme Court should have granted that branch of Herrick's cross motion which was for summary judgment dismissing all common-law contribution and indemnification claims insofar as asserted against it. Herrick's made a prima face showing of entitlement to judgment as a matter of law by submitting evidence demonstrating that the plaintiff did not suffer a grave injury under the Workers' Compensation Law, and no triable issue of fact was raised in opposition (*see Miranda v Norstar*

*Bldg. Corp.*, 79 AD3d 42 [2010]; *Mikulski v Adam R. West, Inc.*, 78 AD3d 910, 911 [2010]; *Bradt v Lustig*, 280 AD2d 739 [2001]). Further, that branch of Herrick's cross motion which was for summary judgment dismissing the cross claim for contractual indemnification asserted against it by Conor also should have been granted, since Herrick's established the absence of a contractual agreement to indemnify Conor in this action (*see Araujo v City of New York*, 84 AD3d 993, 994 [2011]), and no triable issue of fact was raised in opposition.

Irwin made a prima facie showing of entitlement to judgment as a matter of law dismissing the complaint and all cross claims insofar as asserted against it by establishing, inter alia, that it was merely one of several prime contractors hired by Uniondale as part of the subject renovation project, and that it was neither responsible for, nor controlled or supervised, any of the work allegedly giving rise to the plaintiff's injury (*see LaRosa v Internap Network Servs. Corp.*, 83 AD3d 905 [2011]; *Hall v Smithtown Cent. School Dist.*, 82 AD3d 703 [2011]). In response, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted Irwin's cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

A court may render a conditional judgment on the issue of contractual indemnity, pending determination of the primary action so that the indemnitee may obtain the earliest possible determination as to the extent to which he or she may expect to be reimbursed (*see George v Marshalls of MA, Inc.*, 61 AD3d 931 [2009]; *O'Brien v Key Bank*, 223 AD2d 830, 831 [1996]). To obtain conditional relief on a claim for contractual indemnification, "the one seeking indemnity need only establish that it was free from any negligence and [may be] held liable solely by virtue of . . . statutory [or vicarious] liability" (*Correia v Professional Data Mgt.*, 259 AD2d 60, 65 [1999]; *see Tranchina v Sisters of Charity Health Care Sys. Nursing Home*, 294 AD2d 491, 493 [2002]). However, where a triable issue of fact exists regarding the indemnitee's negligence, a conditional order of summary judgment for contractual indemnification must be denied as premature (*see Pardo v Bialystoker Ctr. & Bikur Cholim, Inc.*, 10 AD3d 298, 301 [2004]; *State of New York v Travelers Prop. Cas. Ins. Co.*, 280 AD2d 756, 757-758 [2001]). Here, Uniondale met its initial burden of demonstrating its prima facie entitlement to judgment as a matter of law on its contractual indemnification claims against Northgate and Herrick's by submitting evidence establishing that it was free from any negligence and can only be held liable based on statutory or

vicarious liability as the owner of the subject property where the accident occurred. In response, Herrick's and Northgate failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of Uniondale's cross motion which was for conditional summary judgment on its contractual indemnification claims against Northgate and Herrick's.

Northgate's argument that it should be treated as a "gratuitous bailee" of the scissor lift and, therefore, could not be held liable absent gross or wanton negligence, is raised for the first time on appeal and, thus, is not properly before this Court (*see Ponce-Francisco v Plainview-Old Bethpage Cent. School Dist.*, 83 AD3d 683 [2011]).

However, Northgate met its initial burden of demonstrating entitlement to judgment as a matter of law dismissing the causes of action alleging violations of Labor Law § 240 (1) and § 241 (6) insofar as asserted against it by establishing that it was not an owner, a general contractor, or a statutory agent under those provisions (*see LaRosa v Internap Network Servs. Corp.*, 83 AD3d 905 [2011]; *Hall v Smithtown Cent. School Dist.*, 82 AD3d 703 [2011]). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of Northgate's cross motion which was for summary judgment dismissing the Labor Law § 240 (1) and § 241 (6) causes of action insofar as asserted against it.

The parties' remaining contentions are without merit. Florio, J.P., Hall, Austin and Cohen, JJ., concur. **[Prior Case History: 2010 NY Slip Op 32233(U).]**