■ CARLOS CHERREZ et al., Respondents, v LUIS M. GONZALEZ et al., Respondents, CHARLES H. GREENTHAL MANAGEMENT et al., Defendants/Third-Party Plaintiffs-Respondents, and ETNA CONTRACTING, INC., Appellant. BRAXTON ENGINEERING, P.C., Third-Party Defendant-Respondent. [942 NYS2d 576]—

In an action to recover damages for personal injuries, etc., the defendant Etna Contracting, Inc., appeals (1) from an order of the Supreme Court, Kings County (Schmidt, J.), dated October 19, 2010, which denied its cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, (2), as limited by its brief, from so much of a second order of the same court, also dated October 19, 2010, as granted that branch of the motion of the defendants third-party plaintiffs which was for conditional summary judgment on their cross claim for contractual indemnification against it, and (3) from a third order of the same court, also dated October 19, 2010, which granted the third-party defendant's cross motion for summary judgment dismissing the third-party complaint.

Ordered that the appeal from the third order dated October 19, 2010, is dismissed, as the appellant is not aggrieved by that order (*see* CPLR 5511); and it is further,

Ordered that the first order dated October 19, 2010, is affirmed; and it is further,

Ordered that the second order dated October 19, 2010, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs and the third-party defendant, appearing separately and filing separate briefs, payable by the defendant Etna Contracting, Inc.

On May 12, 2006, the infant plaintiff, Carlos Cherrez, was struck by a truck while attempting to walk across Third Avenue at East 10th Street in Manhattan. The truck was owned and operated by the defendant Luis M. Gonzalez. The defendant East 9th Street Apartments Corp. owned the building on the southwest corner of Third Avenue and East 10th Street, and had contracted with the defendant Etna Contracting, Inc. (hereinafter Etna), to replace the sidewalk surrounding the building. The defendant Charles H. Greenthal Management managed the subject building.

Both the infant plaintiff and Gonzalez had traveled eastbound on East 10th Street before stopping at a red light at the intersection of Third Avenue and East 10th Street. The infant plaintiff testified at his deposition that as he neared the southwest corner of Third Avenue and East 10th Street, he had to walk into the street and around construction barriers that were blocking the sidewalk. He stood in the street while waiting for the light to change. Gonzalez testified at his deposition that there was a high barrier running along East 10th Street and he could not see the sidewalk through the barrier. He further testified that some of the barrier covered the crosswalk at the subject intersection and prevented him from seeing pedestrians crossing Third Avenue from the west. When the light turned green, the infant plaintiff began to cross Third Avenue in the southern crosswalk, and Gonzalez turned right onto Third Avenue from East 10th Street. At his deposition, Gonzalez testified that after he turned, he looked in his right side mirror and saw the infant plaintiff lying in the street in the crosswalk.

The plaintiffs commenced this action against Charles H. Greenthal Management, East 9th Street Apartments Corp. (hereinafter together the building defendants), Etna, Gonzalez, and his company, Luis M. Gonzalez Trucking. Each group of defendants asserted cross claims against each other, and the building defendants commenced a third-party action against Braxton Engineering, P.C. (hereinafter Braxton), the engineer for the sidewalk replacement project. The building defendants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, or, alternatively, for conditional summary judgment on their cross claim for contractual indemnification against Etna. Etna cross-moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and Braxton cross-moved for summary judgment dismissing the third-party complaint. In three separate orders, all dated October 19, 2010, the Supreme Court (1) denied Etna's cross motion, (2) reserved decision on that

branch of the building defendants' motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, but granted that branch of their motion which was for conditional summary judgment on their cross claim for contractual indemnification against Etna, and (3) granted Braxton's cross motion.

To establish a prima facie case of negligence, a plaintiff must show that a defendant's negligence was a substantial cause of the events which produced the injury (*see Boltax v Joy Day Camp*, 67 NY2d 617, 619 [1986]; *Kush v City of Buffalo*, 59 NY2d 26, 32-33 [1983]; *Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]). Generally, issues of proximate cause are to be decided by the jury (*see Derdiarian v Felix Contr. Corp.*, 51 NY2d at 315; *Sorrentino v Wild*, 224 AD2d 607 [1996]).

The Supreme Court properly denied Etna's cross motion for summary judgment since Etna's moving papers failed to eliminate triable issues of fact as to whether it negligently placed barricades in a way that obstructed visibility at the corner of Third Avenue and East 10th Street, and, if so, whether this negligence was a proximate cause of the infant plaintiff's accident. Etna's failure to make a prima facie showing of its entitlement to judgment as a matter of law required denial of its cross motion regardless of the sufficiency of the papers submitted in opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Contrary to Etna's contention, the Supreme Court properly granted that branch of the building defendants' motion which was for conditional summary judgment on their cross claim for contractual indemnification against Etna. The building defendants demonstrated their prima facie entitlement to judgment as a matter of law with respect to that branch of their motion, and, in opposition, Etna failed to raise a triable issue of fact (*cf. Jamindar v Uniondale Union Free School Dist.*, 90 AD3d 612 [2011]; *George v Marshalls of MA, Inc.*, 61 AD3d 931, 932 [2009]). Mastro, A.P.J., Angiolillo, Eng and Cohen, JJ., concur.