■ JOHN PALOMEQUE et al., Plaintiffs, v CAPITAL IMPROVEMENT SERVICES, LLC, Defendant/Third-Party Plaintiff-Respondent, et al., Defendant. KONSKER ELECTRIC CORP., Third-Party Defendant-Appellant. [958 NYS2d 602]—

In an action to recover damages for personal injuries, etc., the third-party defendant appeals from an order of the Supreme Court, Nassau County (Iannacci, J.), entered December 12, 2011, which granted the motion of the defendant/third-party plaintiff for summary judgment on its second cause of action in the third-party complaint.

Ordered that the order is affirmed, with costs.

The defendant/third-party plaintiff, Capital Improvement Services, LLC (hereinafter Capital), established its entitlement to judgment as a matter of law on its second cause of action in the third-party complaint, which sought contractual indemnification. Capital tendered the subcontract agreement, which provided for indemnification by the third-party defendant against liability for the underlying accident, and demonstrated that it was free from negligence in the happening of this accident (*see Quilliams v Half Hollow Hills School Dist. [Candlewood School]*, 67 AD3d 763 [2009]; *George v Marshalls of MA, Inc.*, 61 AD3d 931 [2009]). In opposition thereto, the third-party defendant failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted Capital's motion for summary judgment on its second cause of action in the third-party complaint (*see Roldan v New York Univ.*, 81 AD3d 625, 629 [2011]; *see also Brown v Two Exch. Plaza Partners*, 76 NY2d 172 [1990]; *see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

The third-party defendant's remaining contentions are without merit. Mastro, J.P., Lott, Austin and Sgroi, JJ., concur.