In an action to recover damages for personal injuries, etc., the third-party defendant appeals from an order of the Supreme Court, Nassau County (Iannacci, J.), entered December 12, 2011, which granted the motion of the defendant/third-party plaintiff for summary judgment on its second cause of action in the third-party complaint.
Ordered that the order is affirmed, with costs.
*935 The defendant/third-party plaintiff, Capital Improvement Services, LLC (hereinafter Capital), established its entitlement to judgment as a matter of law on its second cause of action in the third-party complaint, which sought contractual indemnification. Capital tendered the subcontract agreement, which provided for indemnification by the third-party defendant against liability for the underlying accident, and demonstrated that it was free from negligence in the happening of this accident (see Quilliams v Half Hollow Hills School Dist. [Candle-wood, School], 67 AD3d 763 [2009]; George v Marshalls of MA, Inc., 61 AD3d 931 [2009]). In opposition thereto, the third-party defendant failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted Capital’s motion for summary judgment on its second cause of action in the third-party complaint (see Roldan v New York Univ., 81 AD3d 625, 629 [2011]; see also Brown v Two Exch. Plaza Partners, 76 NY2d 172 [1990]; see generally Alvarez v Prospect Hosp., 68 NY2d 320 [1986]).
The third-party defendant’s remaining contentions are without merit. Mastro, J.P., Lott, Austin and Sgroi, JJ., concur.