New York State Dept. of Transp. v North Star Painting Co., Inc. (2018 NY Slip Op 05087)





New York State Dept. of Transp. v North Star Painting Co., Inc.


2018 NY Slip Op 05087


Decided on July 6, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 6, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., DEJOSEPH, CURRAN, AND WINSLOW, JJ.


586 CA 17-01556

[*1]NEW YORK STATE DEPARTMENT OF TRANSPORTATION, PLAINTIFF-RESPONDENT,
v
NORTH STAR PAINTING COMPANY, INC., DOING BUSINESS AS K & K PAINTING COMPANY, DEFENDANT-APPELLANT. 






BURKE SCOLAMIERO & HURD, LLP, ALBANY (GEORGE J. HOFFMAN, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT. 
GOLDBERG SEGALLA LLP, BUFFALO (PAUL D. MCCORMICK OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Cattaraugus County (Jeremiah J. Moriarty, III, J.), entered April 20, 2017. The order, among other things, granted plaintiff's motion for a conditional order of indemnification against defendant. 
It is hereby ORDERED that the order so appealed from is affirmed without costs.
Memorandum: Plaintiff and defendant, a painting contractor, entered into a contract providing that defendant would paint certain bridges and overpasses along an interstate highway. The contract incorporated specifications providing, in pertinent part, that defendant would indemnify and hold harmless the State of New York, except as prohibited by law, "from suits, claims, actions, damages and costs, of every name and description resulting from the work under its contract during its prosecution and until the acceptance thereof." The specifications further provide that defendant's obligation to indemnify and hold harmless shall not "be deemed limited or discharged by the enumeration or procurement of any insurance for liability for damages imposed by law upon [defendant]." The specifications also required that defendant "procure and maintain . . . insurance for liability for damages imposed by law, for the work covered by the contract, of the types and in the amounts hereinafter provided, covering all operations under the contract whether performed by it or its [s]ubcontractors." Such required insurance included an owners and contractors protective liability (OCPL) policy covering plaintiff's liability for damages imposed by law with respect to all operations under the contract. Century Surety Company (Century) issued an OCPL policy naming plaintiff as the insured and defendant as the designated contractor.
During the OCPL policy period, one of defendant's employees allegedly sustained injuries after falling from a ladder while engaged in painting activity pursuant to the contract, and the employee thereafter commenced a personal injury action against several parties, including plaintiff. Plaintiff commenced this action seeking contractual and common-law indemnification from defendant. Defendant appeals from an order granting plaintiff's subsequent motion for summary judgment seeking a conditional order of contractual and common-law indemnification. We affirm.
Defendant contends that Supreme Court erred in granting the motion because defendant fulfilled its obligation to indemnify plaintiff by procuring the OCPL policy, which contains a clause providing that coverage under that policy would be primary and Century would not seek contribution from other insurance available to plaintiff. We reject that contention. "An insurance agreement is subject to principles of contract interpretation" (Universal Am. Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa., 25 NY3d 675, 680 [2015]). Where, as here, "a written agreement . . . is complete, clear and unambiguous on its face[, it] must be enforced [*2]according to the plain meaning of its terms" (Greenfield v Philles Records, 98 NY2d 562, 569 [2002]). Inasmuch as the specifications incorporated into the contract provide that defendant's obligation to indemnify and hold harmless shall not "be deemed limited or discharged by the enumeration or procurement of any insurance for liability for damages imposed by law upon [defendant]," it cannot be said that procurement of the OCPL policy fulfilled or discharged defendant's obligation to indemnify plaintiff (see State of New York v Titan Roofing, Inc., 2009 NY Slip Op 31284[U], *6-7 [Sup Ct, Albany County 2009]). Thus, the court properly granted the motion inasmuch as plaintiff established its entitlement to a conditional order of contractual and common-law indemnification and defendant failed to raise an issue of fact (see Jamindar v Uniondale Union Free Sch. Dist., 90 AD3d 612, 616-617 [2d Dept 2011]).
All concur except Curran, J., who concurs in the result in the following memorandum: I concur in the result reached by my colleagues but write separately to highlight my concern that, as written, Supreme Court's order may be read as granting relief that is neither ripe for review nor authorized under the law. In my view, absent from the court's order is language specifying the condition upon which the order is based, i.e., the payment by the defendant in the underlying action (here plaintiff, the indemnitee) of any judgment awarded to the plaintiff in that action (see Oswego County v American Sur. Co. of N.Y., 63 NYS2d 723, 725 [Sup Ct, Oswego County 1946], affd 272 App Div 862 [4th Dept 1947]). Thus, I would modify the order by vacating the second ordering paragraph and inserting in place thereof the following, which includes the necessary conditioning language to defendant's obligation to indemnify:
ORDERED, that North Star Painting Company, Inc., doing business as K & K Painting Company shall fully indemnify the State of New York and/or the New York State Department of Transportation (NYSDOT) for any sums awarded to the plaintiff, by judgment or settlement, in the underlying action, upon payment thereof by the State of New York and/or NYSDOT, as well as for any past and future attorney's fees, disbursements, costs and other expenses incurred in connection with defending said action to the extent incurred by the State of New York and/or NYSDOT.
Entered: July 6, 2018
Mark W. Bennett
Clerk of the Court