Levine v TD Bank, N.A. (2019 NY Slip Op 03960)





Levine v TD Bank, N.A.


2019 NY Slip Op 03960


Decided on May 22, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2018-04163
 (Index No. 601943/12)

[*1]Lynne Levine, et al., appellants, 
v
TD Bank, N.A., respondent, et al., defendant.


Dell & Dean, PLLC (Mischel & Horn, P.C., New York, NY [Scott T. Horn], of counsel), for appellants.
White and Williams, LLP, New York, NY (Andrew I. Hamelsky of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Denise L. Sher, J.), entered March 20, 2018. The order granted the motion of the defendant TD Bank, N.A., for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
On October 8, 2009, the plaintiff Lynne Levine (hereinafter the injured plaintiff) allegedly was injured when she walked into a glass door at a branch of the defendant TD Bank, N.A. (hereinafter the bank), located on Hempstead Turnpike in Nassau County. The glass door was used as an entrance and exit to the bank's vault. The door was marked with a decal that read "7 Day Vault" in white lettering. The lettering was displayed at a height of approximately 60 to 63 inches above the ground and was visible from both sides of the door. At her deposition, the injured plaintiff testified that she had been inside the bank's vault multiple times prior to October 8, 2009. She also testified that she was looking forward when she walked into the door.
In September 2012, the injured plaintiff, and her husband suing derivatively, commenced this action to recover damages for personal injuries. The bank moved for summary judgment dismissing the complaint insofar as asserted against it. In the order appealed from, the Supreme Court granted the bank's motion, and the plaintiffs appeal.
To establish a prima facie case of negligence, a plaintiff must demonstrate, inter alia, that a defendant's negligence was a substantial cause of the events which produced the injury (see Boltax v Joy Day Camp, 67 NY2d 617, 619; Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315; Martino v Patmar Props., Inc., 123 AD3d 890, 892; Cherrez v Gonzalez, 94 AD3d 938, 940). Here, the bank established its prima facie entitlement to judgment as a matter of law by demonstrating that its alleged negligence was not a proximate cause of the accident (see Melendez v 778 Park Ave. Bldg. Corp., 153 AD3d 700, 702).
In opposition, the plaintiffs failed to raise a triable issue of fact. The plaintiffs [*2]contend that the bank violated certain provisions of the Industrial Code governing the marking of transparent glass doors utilized in mercantile establishments, including Industrial Code (12 NYCRR) §§ 47.7 and 47.8. Those provisions require that transparent glass doors be marked in two areas on the glass surface thereof, with one such area "located at least 30, but not more than 36 inches and the other at least 60, but not more than 66 inches above the ground" (12 NYCRR 47.8), and that such markings be readily discernible to any person approaching the doors (see 12 NYCRR 47.7). However, the evidence demonstrated that the injured plaintiff, who was five feet, three inches tall and at eye level with the marking on the glass door, was looking straight ahead rather than down at the time of the accident. Thus, it would be speculative to conclude that the absence of a second marking 30 to 36 inches above the ground in violation of 12 NYCRR 47.8 was a proximate cause of the accident (see Amster v Kromer, 150 AD3d 804, 804-805; cf. Pellegrino v Walker Theatre, 127 AD2d 574, 575).
The plaintiffs' remaining contentions are either not properly before this Court or without merit.
Accordingly, we agree with the Supreme Court's determination granting the bank's motion for summary judgment dismissing the complaint insofar as asserted against it.
We decline the bank's request to impose a sanction upon the plaintiffs for pursuing an allegedly frivolous appeal (see 22 NYCRR 130-1.1[c]).
AUSTIN, J.P., ROMAN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court