Colson v AO Petroleum, Inc. (2026 NY Slip Op 00238)

Colson v AO Petroleum, Inc.

2026 NY Slip Op 00238

Decided on January 21, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 21, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
BARRY E. WARHIT
DONNA-MARIE E. GOLIA, JJ.

2023-11395
 (Index No. 508830/18)

[*1]James Colson, plaintiff-respondent, 
vAO Petroleum, Inc., defendant-respondent, Blue Hills Fuels, LLC, et al., appellants.

Malapero Prisco & Klauber LLP, New York, NY (Tracy L. Frankel and Francis B. Mann, Jr., of counsel), for appellants.
Subin Associates, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Joshua Block, and Jack Lockwood], of counsel), for plaintiff-respondent.
Weiner, Millo, Morgan & Bonanno, LLC, New York, NY (John P. Bonanno of counsel), for defendant-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Blue Hills Fuels, LLC, and Petroleum Marketing Group, Inc., appeal from an order of the Supreme Court, Kings County (Aaron D. Maslow, J.), dated October 27, 2023. The order denied those defendants' motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them and on their cross-claim for contractual indemnification against the defendant AO Petroleum, Inc.
ORDERED that the order is affirmed, with one bill of costs.
The plaintiff allegedly was injured when he tripped and fell on a pothole at a gas station in Brooklyn, which was owned by the defendants Blue Hills Fuels, LLC (hereinafter Blue Hills), and Petroleum Marketing Group, Inc. (hereinafter PMG), and leased by the defendant AO Petroleum, Inc. (hereinafter AO Petroleum). In April 2018, the plaintiff commenced this action against the defendants to recover damages for personal injuries. Blue Hills and PMG asserted cross-claims against AO Petroleum, inter alia, for contractual indemnification. Blue Hills and PMG moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them and on their cross-claim for contractual indemnification against AO Petroleum. In an order dated October 27, 2023, the Supreme Court denied the motion. Blue Hills and PMG appeal.
"An out-of-possession landlord is not liable for injuries that occur on its premises unless the landlord has retained control over the premises and has a 'duty imposed by statute or assumed by contract or a course of conduct'" (Fox v Patriot Saloon, 166 AD3d 950, 951, quoting Alnashmi v Certified Analytical Group, Inc., 89 AD3d 10, 18; see Vaughan v Triumphant Church of Jesus Christ, 193 AD3d 1104, 1105). "'Even if a defendant is considered an out-of-possession landlord who assumed the obligation to make repairs to its property, it cannot be held liable for injuries caused by a defective condition on the property unless it either created the condition or had [*2]actual or constructive notice of it'" (Vaughan v Triumphant Church of Jesus Christ, 193 AD3d at 1105, quoting Rodriquez v Sheridan One Co., LLC, 177 AD3d 801, 801). "A defendant has constructive notice of a hazardous condition on property when the condition is visible and apparent, and has existed for a length of time sufficient to afford the defendant a reasonable opportunity to discover and remedy it" (Bravo v 564 Seneca Ave. Corp., 83 AD3d 633, 634). To establish, prima facie, lack of constructive notice, "the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff [was injured]" (Sesina v Joy Lea Realty, LLC, 123 AD3d 1000, 1001 [internal quotation marks omitted]; see Zamora v David Caccavo, LLC, 190 AD3d 895, 897).
Here, Blue Hills and PMG failed to establish, prima facie, that they relinquished complete control over the property such that they did not have a contractual duty under the lease to maintain and repair any potholes on the property. The lease failed to conclusively establish a defense as a matter of law since Blue Hills and PMG, pursuant to the lease, were responsible for the maintenance, repair, and replacement of potholes, and they had the right at any time to enter and inspect the property (see Hernandez v Malchus B'Chesed, LLC, 235 AD3d 626, 627; Yehia v Marphil Realty Corp., 130 AD3d 615, 617). Moreover, Blue Hills and PMG failed to establish, prima facie, that they lacked constructive notice of the alleged dangerous condition, as the deposition testimony they submitted in support of the motion established that a PMG representative would inspect the gas station once or twice a month, and if they saw something in need of repair, they would report the issue (see Amparo v Christopher One Corp., 225 AD3d 652, 654-655; Cicio v Kingswood Props., LLC, 224 AD3d 656, 657-658).
Furthermore, contrary to the contention of Blue Hills and PMG, the Supreme Court was not required to grant that branch of their motion which was for summary judgment on their cross-claim for contractual indemnification against AO Petroleum due to AO Petroleum's failure to submit a statement of material facts (see former 22 NYCRR 202.8-g[a]; Abramowitz v Stephen P. Esposito, M.D., P.C., 234 AD3d 652, 654; Taveras v Incorporated Vil. of Freeport, 225 AD3d 822, 823; McCarthy v Town of Massena, N.Y. [Massena Mem. Hosp.], 218 AD3d 1082, 1085). "[B]lind adherence to the procedure set forth in [former] 22 NYCRR 202.8-g is not required if the proof does not support granting summary judgment or the circumstances otherwise warrant a departure from that procedure" (McCarthy v Town of Massena, N.Y. [Massena Mem. Hosp.], 218 AD3d at 1085 [internal quotation marks omitted]).
"A party's right to contractual indemnification depends upon the specific language of the relevant contract" (Konsky v Escada Hair Salon, Inc., 113 AD3d 656, 658; see Rahmonov v Purves Dev., LLC, 236 AD3d 941, 943). "The promise to indemnify should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding circumstances" (Konsky v Escada Hair Salon, Inc., 113 AD3d at 659). In addition, agreements exempting a lessor for liability from its own negligence are void as against public policy (see General Obligations Law § 5-321; 159 MP Corp. v Redbridge Bedford, LLC, 33 NY3d 353, 361). "A court may render a conditional judgment on the issue of contractual indemnity, pending determination of the primary action so that the indemnitee may obtain the earliest possible determination as to the extent to which he or she may expect to be reimbursed" (Jamindar v Uniondale Union Free School Dist., 90 AD3d 612, 616; see George v Marshalls of MA, Inc., 61 AD3d 931, 932). "To obtain conditional relief on a claim for contractual indemnification, 'the one seeking indemnity need only establish that it was free from any negligence and [may be] held liable solely by virtue of . . . statutory [or vicarious] liability'" (Pillco v 160 Dikeman St., LLC, 232 AD3d 918, 920 [internal quotation marks omitted], quoting Winter v ESRT Empire State Bldg., LLC, 201 AD3d 844, 845; see Jamindar v Uniondale Union Free School Dist., 90 AD3d at 616). "However, where a triable issue of fact exists regarding the indemnitee's negligence, a conditional order of summary judgment for contractual indemnification must be denied as premature" (Jamindar v Uniondale Union Free School Dist., 90 AD3d at 616; see Pardo v Bialystoker Ctr. & Bikur Cholim, Inc., 10 AD3d 298, 301). Contrary to the contention of Blue Hills and PMG, the Supreme Court properly denied that branch of their motion which was for summary judgment on their cross-claim for contractual indemnification against AO Petroleum as premature since triable issues of fact exist regarding their negligence (see Rogers v Peter Scalamandre & Sons, Inc., 231 AD3d 1174, 1179; Valentin v [*3]Stathakos, 228 AD3d 985, 988-989).
The remaining contentions of Blue Hills and PMG are without merit.
Accordingly, the Supreme Court properly denied the motion of Blue Hills and PMG for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them and on their cross-claim for contractual indemnification against AO Petroleum.
DILLON, J.P., WOOTEN, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court